[No. B021186. Second Dist., Div. One. Sept. 30, 1987.]

TIMOTHY J. RABBITT, Plaintiff, v.
DILAUDO HECTOR VINCENTE et al., Defendants;
ROBIN SHERRY, Objector and Respondent;
JACK R. WILLIS, Objector and Appellant.

**COUNSEL**

George E. Dalton, Michael G. Saliba and David L. Casterline for Objector and Appellant.

No appearance for Objector and Respondent.

OPINION

HANSON (Thaxton), Acting P. J.—

SUMMARY

In this appeal, we determine that Code of Civil Procedure section 128.5 [1] does not empower the trial court to grant sanctions against a nonparty's attorney and in favor of that attorney's nonparty client.

INTRODUCTION

Jack Willis (Willis) appeals from an order imposing sanctions pursuant to section 128.5 in favor of Robin Sherry (Sherry). After the trial court denied defendant's motion for reconsideration, defendant filed a timely notice of appeal.

FACTS

Sherry and a coplaintiff (Rabbitt) sued defendants Vincente for personal injuries arising out of an automobile accident. Willis represented Sherry as her attorney in that underlying suit, settled her cause of action, and dismissed her from the complaint. Sherry's coplaintiff (Rabbitt) continued to pursue the underlying suit.

On May 30, 1985, defendants Vincente served Sherry with a subpoena requiring her appearance at a July 11, 1985, deposition noticed in the underlying personal injury action. Sherry contacted Willis, who represented her in an unrelated matter, and complied with Willis's instruction to send him the subpoena. In late June, Willis informed Sherry that he wanted to postpone her deposition until August, but on July 9, Willis's secretary told Sherry her deposition would proceed on July 11, as noticed. Sherry informed Willis's secretary that Willis had told her the deposition would be continued to a date some time in August. Later on July 9, Willis's secretary informed Sherry that the deposition, previously set for July 11, had been continued to a date to be set in August.

Sherry thus did not appear at her July 11 deposition. Her nonappearance caused defendants Vincente to serve Sherry with an "Order to Show Cause re Contempt" in August 1985. Sherry at this time retained a new attorney, David Yardley, to defend her against the order to show cause re contempt.

---

[1] For the sake of brevity, hereinafter referred to as section 128.5.

Sherry's "Response and Opposition to Order to Show Cause re Contempt, etc." included a request for reasonable expenses, including attorney's fees, to be awarded as sanctions against Willis. On September 13, 1985, the trial court appointed a referee to hear this and several other matters. The trial court also found Sherry not in contempt for her failing to appear at her deposition.

Based on his finding of Willis and his staff's unreasonable and bad faith advice to Sherry concerning her attendance at her deposition, the referee recommended that Willis be ordered to pay Sherry and Yardley $635 as sanctions and attorney's fees pursuant to section 128.5.

In its orders filed November 19, 1985, the trial court adopted the referee's recommendations. On May 20, 1986, the trial court denied Willis's motion for reconsideration. This appeal followed.

## ISSUES

Willis on appeal claims that: 1. The referee lacked jurisdiction to hear any matter connected with the Order to Show Cause re Contempt;

2. Willis's statement to Sherry that she need not appear at her deposition if offered witness fees and mileage was not a frivolous tactic justifying sanctions;

3. The trial court exceeded its jurisdiction by awarding sanctions to a nonparty witness;

4. By failing to consider independent evidence before adopting the referee's findings and recommendations, the trial court abdicated judicial responsibility and contravened constitutional restrictions on the exercise of judicial power;

5. Inadequate notice of monetary sanctions sought against him violated his constitutional due process rights.

## APPEALABILITY OF ORDER

Willis appeals from orders imposing sanctions and attorney's fees pursuant to section 128.5 and denying defendant's motion to reconsider that earlier order. ■ An order imposing sanctions on an attorney is appealable as a final order on a collateral matter directing the payment of money. (*Bauguess* v. *Paine* (1978) 22 Cal.3d 626, 634 [150 Cal.Rptr. 461, 586 P.2d

942]; *I. J. Weinrot & Son, Inc* . v. *Jackson* (1985) 40 Cal.3d 327, 331 [220 Cal.Rptr. 103, 708 P.2d 682].)

■ An order denying reconsideration is appealable as an order made after the judgment if the order as to which the reconsideration is sought is appealable. (Code of Civ. Proc., § 904.1; *Blue Mountain Development Co* . v. *Carville* (1982) 132 Cal.App.3d 1005, 1010-1011 [183 Cal.Rptr. 594].)

## DISCUSSION

■ Although Willis makes several assignments of error, our resolution of his jurisdictional objection to the imposition of sanctions makes it unnecessary to address each of them singly.

The trial court's order, as well as the referee's findings and recommendations, specifically imposed sanctions pursuant to section 128.5, which states in part: "(a) Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. . . ." Section 128.5 thus enables the trial court to impose sanctions on a party, the party's attorney, or on both.

In the case at bench, however, Sherry was not a party, having settled out of the underlying suit before her deposition. In any case, the statute does not contemplate the imposition of sanctions against an attorney in favor of that attorney's own client. Instead, section 128.5 enables a trial court to impose sanctions against an attorney, a client/party, or both, and in favor of another, opposing party to pay reasonable expenses, including attorney's fees, which another, opposing party incurs because of frivolous or dilatory bad-faith actions or tactics.

Cases imposing section 128.5 sanctions do so only against a party or a party's attorney, and in favor of an opposing party or an opposing party's attorney. (*Ellis* v. *Roshei Corp.* (1983) 143 Cal.App.3d 642 [192 Cal.Rptr. 57)]; *In re Marriage of Gumabao* (1984) 150 Cal.App.3d 572 [198 Cal.Rptr. 90]; *Lavine* v. *Hospital of the Good Samaritan* (1985) 169 Cal.App.3d 1019 [215 Cal.Rptr. 708]; *Karwasky* v. *Zachay* (1983) 146 Cal.App.3d 679 [194 Cal.Rptr. 292]; *M. E. Gray Co* . v. *Gray* (1985) 163 Cal.App.3d 1025 [210 Cal.Rptr. 285]; *Mungo* v. *UTA French Airlines* (1985) 166 Cal.App.3d 327 [212 Cal.Rptr. 369].) Section 128.5 does not give trial courts the power to

adjudicate attorney-client disputes of the kind which arose in the case at bench.[2]

 Section 128.5 reflects the Legislature's intent to broaden the trial court's power to award monetary sanctions to discourage frivolous litigation or delaying tactics. (*City of Long Beach* v. *Bozek* (1982) 31 Cal.3d 527, 537 [183 Cal.Rptr. 86, 645 P.2d 137], cert. granted, judgment vacated and case remanded (1983) 459 U.S. 1095, reaffirmed and reissued (1983) 33 Cal.3d 727.) To justify our interference with a sanction award, the trial court must have abused the discretion accorded it by the Legislature. (*Luke* v. *Baldwin-United Corp.* (1985) 167 Cal.App.3d 664, 667-668 [213 Cal.Rptr. 654].)

 Although the record may support the referee's findings factually, the sanctions awarded in the case at bench exceed the statute's jurisdictional scope. Section 128.5 does not extend so far as to enable a trial court to impose sanctions against the attorney of a nonparty in favor of that attorney's nonparty client. We therefore reverse the trial court's judgment, which disposition of the jurisdictional issue makes consideration of the remaining assignments of error on appeal unnecessary.

### DISPOSITION

We reverse the trial court's judgment. Parties to bear their own costs on appeal.

Lucas, J., and Devich, J., concurred.

---

[2] The parties indicate that Sherry has filed a pending civil action against Willis involving other causes of action arising out of these facts. We take this opportunity to state that our holding concerning the lack of section 128.5 jurisdiction in the case at bench is made without prejudice to some other pending action or any other appropriate remedy Sherry may have against Willis.