[No. C000583. Third Dist. Apr. 29, 1988.]

THE MUNICIPAL COURT FOR THE PLACER JUDICIAL DISTRICT OF PLACER COUNTY et al., Plaintiffs and Appellants, v. COUNTY OF PLACER, Defendant and Respondent.

1174

COUNSEL

Kurt W. Melchior, Jan T. Chilton, Irma D. Herrera and Severson, Werson, Berke & Melchior for Plaintiffs and Appellants.

Richard K. Denhalter, County Counsel, L. J. DeWald, Anthony J. La Bouff and Joe Louald, Deputy County Counsel, for Defendant and Respondent.

OPINION

PUGLIA, P. J.—Plaintiffs appeal from a judgment sustaining without leave to amend the demurrer of defendant County of Placer (County). Plaintiffs are the Municipal Court of Placer County, the Honorable Richard J. Ryan, as a judge of that court, and Severson, Werson, Berke & Melchior, a professional corporation (hereafter the Severson firm). The dispositive question on appeal is whether Judge Ryan is entitled by statute to reimbursement for attorney's fees incurred when, in his capacity as a municipal court judge, he retained counsel to represent him and the court in proceedings challenging certain rulings of the court. We hold that under the facts here presented, there is no statutory authorization for reimbursement.

█ In reviewing a judgment of dismissal following the sustaining of a general demurrer without leave to amend, we accept as true the material facts pleaded in the complaint. (*Gruenberg* v. *Aetna Ins. Co.* (1973) 9 Cal.3d 566, 572 [108 Cal.Rptr. 480, 510 P.2d 1032].)

In June 1984, the Placer County Counsel filed a petition for writ of mandate in the superior court on behalf of the Placer County Probation Department. The petition named the Municipal Court of Placer County as the respondent, and the People of the State of California and Deborah Joan Mitchell as the real parties in interest. In that proceeding (the Mitchell proceeding), the probation department "challenged certain official actions

of the plaintiff court and of the plaintiff judge [ ] in the performance of [his] duties."[1]

On behalf of the municipal court, Judge Ryan requested that county counsel represent the municipal court in the Mitchell proceeding. County counsel declined, citing the obvious conflict of interest. Judge Ryan then retained the Severson firm to represent himself and the municipal court. Following its conclusion, Judge Ryan presented a claim to the Placer County Board of Supervisors for reimbursement of attorney's fees incurred in the Mitchell proceeding. The amount claimed was in excess of $9,000. County denied the claim in October 1985.

Meanwhile, in September 1984, the Placer County Public Defender filed a petition for habeas corpus in the superior court on behalf of David Wiggins (the Wiggins proceeding). In the petition Wiggins claimed Judge Ryan abused discretion by imposing an unreasonable sentence as a result of Wiggins's refusal to accept a plea bargain proposed by the municipal court. ■■■■ The superior court issued an order directing the municipal court to show cause why the relief prayed for in the petition should not be granted.[2]

On behalf of the municipal court, Judge Ryan requested county counsel to represent both himself and the court in the Wiggins proceeding. County counsel declined, citing the conflict of interest created by the then pending Mitchell proceeding in which county counsel represented the probation department against the municipal court. On behalf of the municipal court, Judge Ryan then retained the Severson firm to represent himself and the court in the Wiggins proceeding.

The Severson firm's services in the Wiggins proceeding were completed when Wiggins was resentenced by the municipal court in October 1985. A claim in excess of $13,000 for attorney's fees was filed by the Severson firm and approved by Judge Ryan in November 1985. County rejected the claim

---

[1] The parties have stipulated that this court may, and accordingly we do, take judicial notice of the record in the Mitchell proceeding. That proceeding concerned principally the question of which entity, the probation department or the municipal court, had authority to determine the eligibility of a convicted misdemeanant to participate in the County's work release program and the procedures governing that determination. In resolving the Mitchell proceeding, the superior court held the probation department, not the municipal court, must determine in the first instance whether a misdemeanant is eligible to participate in the work release program, but that the probation department may not exclude or remove a misdemeanant from the program without a hearing or other due process safeguard.

[2] Although the record is silent, we assume Wiggins was in jail in the custody of the sheriff under the allegedly illegal sentence. Thus the sheriff and not the municipal court was the proper party respondent to whom the order to show cause in the habeas corpus proceeding should have been directed.

on the ground it was not timely filed. A subsequent application by the municipal court and Judge Ryan to present a late claim was denied in January 1986.

In February 1986, plaintiffs filed the instant complaint for reimbursement of attorney's fees incurred in the Mitchell and Wiggins proceedings. County demurred, arguing among other things that under the facts alleged there is no statutory authorization for reimbursement of attorney's fees. Following hearing and argument the trial court, without comment, sustained County's demurrer without leave to amend. Plaintiffs appeal from the judgment of dismissal.

In seeking reimbursement for attorney's fees, plaintiffs rely exclusively on the provisions of Government Code sections 27647 and 27648 (hereafter all statutory references to sections of an undesignated code are to the Government Code). Section 27647 states: "(a) If requested so to do by the superior court of the county of which he is county counsel, or by any municipal court or justice court in such county, or by any judge thereof, and insofar as such duties are not in conflict with, and do not interfere with, his other duties, the county counsel may represent any such court or judge thereof in all matters and questions of law pertaining to any of such judge's duties, including any representation authorized by Section 68111 and representation in all civil actions and proceedings in any court in which with respect to the court's or judge's official capacity, such court or judge is concerned or is a party. [¶] (b) This section shall not apply to any of the following: [¶] (1) Any criminal proceedings in which a judge is a defendant. [¶] (2) Any grand jury proceedings. [¶] (3) Any proceeding before the Commission on Judicial Qualifications. [¶] (4) Any civil action or proceeding arising out of facts under which the judge was convicted of a criminal offense in a criminal proceeding."

Section 27648 states: "If, because of a declared conflict of interest, any judge, who is otherwise entitled to representation pursuant to Section 825, 995, or 27647, is required to retain his own counsel, such judge is entitled to recover from the appropriate public entity such reasonable attorney's fees, costs, and expenses as were necessarily incurred thereby."

■ We must determine if, within the meaning of section 27648, plaintiffs were ". . . otherwise entitled to representation pursuant to Section . . . 27647." As plaintiffs construe section 27647, unless there is a conflict of interest, the judge and the trial court are entitled to representation by county counsel in every matter or proceeding which involves the duties of the judge, and in every matter in which the court or judge is "concerned." If, as in this case, county counsel is unable to accept the representation

because of a conflict of interest, the judge or trial court is entitled pursuant to section 27648 to secure the services of outside counsel, and the public entity is obliged to pay reasonable attorney's fees thereby incurred. In our view, the scope of the statute is not so sweeping.

Although we are not here required definitively and comprehensively to define the scope of section 27647, we are satisfied it does not authorize trial courts or judges to retain outside counsel to "defend" the judicial rulings of the court whenever such rulings are challenged. Each year thousands of appealable orders and judgments are rendered by the trial courts of this state. In addition, countless nonappealable orders are the subject of writ proceedings in higher courts. Broadly speaking, when such an order or judgment is challenged by appeal or writ it can be said the challenge raises a "question[ ] of law pertaining to any of such judge's duties," or is otherwise a matter "in which with respect to the court's or judge's official capacity, such court or judge is concerned . . . ." Yet, in our view, it is inconceivable that the Legislature intended sections 27647 and 27648 to authorize trial courts and judges to retain counsel to represent them in all such matters at the expense of the taxpayers.

██  "Statutes should be interpreted so as to achieve a result that is reasonable and that comports with the apparent purpose and intent of the Legislature. (*County of Alameda* v. *Kuchel* (1948) 32 Cal.2d 193, 199 [195 P.2d 17].)  ██  '[W]here uncertainty exists, consideration should be given to the consequences that will flow from a particular interpretation [citations]; its apparent purpose will not be sacrificed to a literal construction [citations]; . . .' (*Ivens* v. *Simon* (1963) 212 Cal.App.2d 177, 181 [27 Cal.Rptr. 801].) A practical construction is preferred to one that is technical and is required when the latter would lead to mischief or absurdity. (See *Jersey Maid Milk Products Co.* v. *Brock* (1939) 13 Cal.2d 620, 648 [91 P.2d 577]; *City of El Monte* v. *City of Industry* (1961) 188 Cal.App.2d 774, 782 [10 Cal.Rptr. 802].)" (*Stanley* v. *Justice Court* (1976) 55 Cal.App.3d 244, 253 [127 Cal.Rptr. 532].)

██  *Matter of De Lucca* (1905) 146 Cal. 110 [79 P. 853], involving a writ of certiorari, explicates a principle which applies here equally as well: "A tribunal, board, or officer exercising judicial functions is not authorized to litigate, as a party, the mere question as to whether it has, in the doing of an official act, exceeded its jurisdiction. The law has provided methods by which the party aggrieved may have such an act reviewed by a superior tribunal. Ordinarily, this is accomplished by an appeal. Where there is no appeal or any other plain, speedy, and adequate remedy, such act may be reviewed [by writ]. [¶] ██  The [writ] proceeding . . . is simply an additional method of reviewing the action of an inferior tribunal exercising

judicial functions, being similar in its nature to an appeal, and the tribunal whose act is assailed thereby has no interest in the matter in which it has simply acted in a judicial capacity . . . to any greater extent or in any different degree than such interest as it may have when an ordinary appeal is taken from its order or judgment. The proceeding is against the completed act alleged to have been in excess of jurisdiction, rather than against the inferior tribunal, and while the writ runs to the tribunal whose action is sought to be reviewed, the real adverse party in interest is the one in whose favor the act complained of has been done." (*Id.,* at p. 113, see also *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 189-190 [137 Cal.Rptr. 460, 561 P.2d 1148].)

*Municipal Court* v. *Bloodgood* (1982) 137 Cal.App.3d 29 [186 Cal.Rptr. 807], relied upon by plaintiffs, is distinguishable. There, municipal court judges in Los Angeles County brought an action for declaratory relief against the county to enforce collection of attorney's fees incurred by the judges' employment of counsel to represent the courts in respect to a proposed reduction in the courts' budget. Because of a conflict of interest on the part of county counsel, the judges hired private counsel. It is implicit in the appellate opinion that the matter in which counsel was retained involved a question relating to the duties of the municipal court judges within the meaning of section 27647. *Bloodgood* held that because county counsel could not accept the representation, the judges could properly retain outside counsel pursuant to section 27648 to represent them in their negotiations with the county, and the county was obligated to reimburse the judges for attorney's fees incurred. (At pp. 39-45.) The court emphasized that the budget as proposed by the county threatened to erode the ability of the municipal courts to guarantee basic constitutional rights. (See *id.,* at pp. 36-37.)

Unlike *Bloodgood,* the Mitchell proceeding (see fn. 1, *ante*) involved essentially a matter of statutory construction with regard to whether the municipal court or the County probation department had in the first instance the authority to direct a convicted misdemeanant to participate in the work release program. (See Pen. Code, §§ 1203, 1208, 4024.2.) The Wiggins proceeding concerned an order to show cause as to the propriety of a particular sentence imposed by the municipal court. Neither the Mitchell nor the Wiggins proceeding posed a threat to the ability of the municipal court to guarantee basic constitutional rights, i.e., to carry out its organic functions and responsibilities."[3]

---

[3]Although the complaint is silent as to why Judge Ryan retained counsel in the Wiggins proceeding, plaintiff's opposition to the demurrer suggests Judge Ryan was concerned that dicta in *In re Lewallen* (1979) 23 Cal.3d 274, 278, footnote 2 [152 Cal.Rptr. 528, 590 P.2d 383, 100 A.L.R.3d 823], might be read to require that he testify under oath in the habeas pro-

We hold that under these facts, neither Judge Ryan nor the municipal court was authorized by statute to retain outside counsel to defend the court's rulings at County expense.

The judgment is affirmed.

Evans, J., and Deegan, J.,* concurred.

A petition for a rehearing was denied May 25, 1988.

---

ceeding and justify his sentencing choice, creating the "odd spectacle of a sentenced prisoner cross-examining his sentencing judge." We find nothing in *Lewallen* which even remotely portends any such possibility. In any event, if Judge Ryan had been called as a witness in the Wiggins matter, he would have been entitled to counsel of his choice pursuant to section 68111. However, nothing in the record indicates Judge Ryan was called as a witness and there is no statutory authority for a judge to retain counsel on the mere supposition he might be called as a witness. Finally, if Judge Ryan or the municipal court were party defendants, they would be entitled to representation by the county counsel. (§§ 26524, 26529.)

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.