[No. A055776. First Dist., Div. Two. Feb. 18, 1993.]

Estate of SERGIO LADISLAO DI GRAZIA, Deceased.
EVA DI GRAZIA, Petitioner and Respondent, v.
PHILIP R. ANDERLINI, Objector and Appellant;
COUNTY OF MARIN, Respondent.

## COUNSEL

Robert P. Brorby for Objector and Appellant.

James Frank Fotenos for Petitioner and Respondent.

Douglas J. Maloney, County Counsel, and John F. Govi, Deputy County Counsel, for Respondent.

**OPINION**

**BENSON, J.**—This appeal arises out of a probate action filed by Eva Di Grazia against several parties, including appellant, Philip R. Anderlini (Anderlini). In those proceedings, Anderlini challenged Judge Lynn O'Malley Taylor for cause, pursuant to Code of Civil Procedure section 170.1,[1] subdivision (a)(6)(C). After hearing, at which Judge Taylor was represented by Marin County Counsel (County Counsel), the trial court found the challenge was frivolous and ordered Anderlini to pay a reasonable attorney fee to County Counsel. Here, Anderlini contends the trial court lacked jurisdiction to award sanctions to an attorney representing a trial court judge challenged for cause under section 170.1. We affirm.

### FACTS AND PROCEDURAL HISTORY

In the underlying probate action, trial was scheduled for September 23, 1991. Judge Taylor had heard several pretrial motions, and had denied Anderlini's attempt to disqualify her under section 170.6. However, on September 16, 1991, one week before the date set for trial, Anderlini challenged Judge Taylor for cause under section 170.1. Anderlini alleged Judge Taylor was biased or prejudiced against his counsel, and requested she be removed from the pool of judges available to hear the probate action.

On September 24, 1991, Judge Taylor answered Anderlini's statement of disqualification. She declined to recuse herself in the matter, and requested a hearing. She was represented by County Counsel, who prepared her answer and a memorandum of points and authorities in opposition to Anderlini's statement. County Counsel, relying on section 128.5, argued the challenge was frivolous, and requested the trial court impose a sanction against Anderlini consisting of reimbursement to the County of a reasonable attorney fee.

On October 1, 1991, the trial court denied Anderlini's challenge to Judge Taylor. In addition, the trial court found Anderlini's challenge frivolous and made for the purpose of delay; it ordered Anderlini to pay County Counsel $3,000, which the court found was a reasonable attorney fee. Anderlini appeals from the portion of the order awarding sanctions.

### DISCUSSION

The issue is whether a trial court can impose sanctions under section 128.5 in favor of a judge challenged for cause under section 170.1. Anderlini

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

contends the court lacks jurisdiction to do so because a judge is not a "party" within the meaning of section 128.5.[2] In view of the unique nature of proceedings under section 170.1, we find the challenged judge is such a "party"; therefore, on a proper finding the challenge is frivolous or made only to delay, a trial court may order payment of reasonable expenses in favor of the challenged judge.

A brief review of the challenge process is necessary to an understanding of the case. Section 170.1 provides among other things that a judge's bias, prejudice or lack of impartiality is a basis for recusal. (§ 170.1, subd. (a)6.) Where a judge is challenged on those grounds and refuses to recuse himself, a party may file a written verified statement objecting to the hearing or trial before that judge on the ground the judge is biased against the party or its attorney. (§ 170.3, subd. (c).) Faced with such a challenge, the judge has two options: "Within 10 days after the filing or service, whichever is later, the judge may file a consent to disqualification," or, "the judge may file a written verified answer admitting or denying any or all of the allegations contained in the party's statement . . . ." (§ 170.3, subd. (c)(3).) Under section 170.3, subdivision (c)(4), "[a] judge who fails to file a consent or answer within the time allowed shall be deemed to have consented to his or her disqualification." Under this scheme, when Anderlini filed a statement of objection to Judge Taylor, her only options were to recuse herself, consent by silence, or to file an answer. Judge Taylor answered, and was represented by County Counsel in the ensuing proceedings under section 170.3. (See Gov. Code, § 27647, subd. (a).)[3]

Anderlini's sole contention on appeal is that because Judge Taylor was not a party to the underlying probate action, the trial court lacked jurisdiction to impose sanctions in her favor in the disqualification proceeding. We disagree. The disqualification proceeding is not a part of the main action, but is ancillary to it. In that ancillary proceeding, the judge appears as a party for all practical purposes. The judge must file a verified answer to the statement of disqualification. If the judge fails to answer, he or she in effect defaults; the failure to answer results in the judge's removal. If a hearing is required,

---

[2]Section 128.5 provides in relevant part: "(a) Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions, or tactics that are frivolous or solely intended to cause unnecessary delay."

[3]Government Code section 27647, subdivision (a) provides in part: [¶] If requested so to do by the superior court of the county of which he is county counsel . . . or by any judge thereof, . . . the county counsel may represent any such court or judge thereof in all matters and questions of law pertaining to any of such judge's duties, including . . . representation in all civil actions and proceedings in any court in which with respect to the court's or judge's official capacity, such court or judge is concerned or is a party."

the judge is entitled to appear at the hearing and argue the question. The proceeding is held before another judge, who decides only the question of disqualification, and does not preside over the underlying action for any purpose. In the proceedings, the parties to the underlying action who have not challenged the judge have only a limited role (§ 170.3, subd. (c)). In sum, the disqualification proceeding amounts to a separate trial before an impartial court of an issue distinct from those in the main action, and in which the parties are the judge and those who seek disqualification. We hold that in such a proceeding, the challenged judge is a "party" within the meaning of section 128.5, and as such is entitled to seek sanctions where the challenge is frivolous or made only to delay the underlying action.

Our conclusion is reinforced by the purpose of section 128.5, which is to "broaden the power of trial courts to manage their calendars and provide for the expeditious processing of civil actions by authorizing monetary sanctions." (Stats. 1981, ch. 762, § 2, p. 2968; see, e.g., *Brewster* v. *Southern Pacific Transportation Co.* (1991) 235 Cal.App.3d 701, 711 [1 Cal.Rptr.2d 89].) Challenges for cause are a potentially fertile ground for improper tactics; by enmeshing the trial judge in the procedures set out in section 170.3, a litigant has a powerful tool for delay and obfuscation. For example, where, as here, the challenge is filed shortly before trial, the time required to determine whether the challenge has merit may effectively remove the challenged judge from the pool of available judges, thus accomplishing the purpose of the challenge even though it proves meritless. We decline to read section 128.5 so narrowly as to deprive trial courts of the power to deter such conduct.[4]

We reject Anderlini's reliance on *Rabbitt* v. *Vincente* (1987) 195 Cal.App.3d 170 [240 Cal.Rptr. 524]. In *Rabbitt,* the party against whom the court awarded sanctions had settled out of the case. (*Id.* at p. 174.) The court found section 128.5 did not authorize sanctions in favor of that party against her attorney, also a nonparty. (195 Cal.App.3d at p. 175.) Because we find Judge Taylor was a party to the section 170.3 proceeding, *Rabbitt* is inapposite.

■ Finally, Anderlini argues in reply that there is no provision in the challenge statutes for representation of a challenged judge by counsel or for the payment of attorney fees. Anderlini overlooks Government Code section 27647, subdivision (a). On request, County Counsel may represent a judge in all matters, including civil proceedings with respect to which the judge is a party in his official capacity. (See fn. 3, *ante*; but cf. *Municipal*

---

[4]Anderlini does not challenge the trial court's finding that the purpose of the challenge was to delay trial until after he returned from a bicycle trip in Europe.

*Court* v. *County of Placer* (1988) 200 Cal.App.3d 1173, 1178 [246 Cal.Rptr. 413] [section did not authorize reimbursement to municipal court of fees incurred in defending judicial ruling in mandate proceedings in superior court].) Because the challenge proceedings effectively made Judge Taylor a party in her official capacity, she was properly represented by County Counsel.

In sum, the trial court had jurisdiction to sanction Anderlini under section 128.5 and order payment of Judge Taylor's reasonable attorney fees.[5]

DISPOSITION

The order awarding sanctions is affirmed.

Kline, P. J., and Phelan, J., concurred.

---

[5]There is no challenge to the reasonableness of the fee.