[No. B080362. Second Dist., Div. Five. Dec. 1, 1994.]

FRED KANE et al., Plaintiffs, v.
JERRY LYNE HURLEY et al., Defendants;
JONATHAN B. COLE, Objector and Appellant;
THE SUPERIOR COURT OF LOS ANGELES COUNTY et al.,
Respondents.

## Counsel

Jonathan B. Cole, in pro. per., Nemecek & Cole and Karen K. Coffin for Objector and Appellant.

De Witt W. Clinton, County Counsel, and Frederick R. Bennett, Assistant County Counsel, for Respondents.

## Opinion

**GRIGNON, J.**—Appellant, Attorney Jonathan B. Cole, appeals from an order requiring him to pay sanctions to the trial court for bad faith actions, pursuant to Code of Civil Procedure section 128.5.[1] Although appellant raises a number of contentions on appeal, we need resolve only one. We conclude section 128.5 sanctions may not be ordered payable to the trial court. We reverse.

### Facts and Procedural Background

Attorney William C. Melcher represented the plaintiff in an action against defendants represented by Attorney Jack R. Willis.[2] In the course of the proceedings, the trial court imposed sanctions pursuant to section 128.5 against Attorney Willis in favor of plaintiff and Attorney Melcher. Attorney Willis was unsuccessful in his attempts to have the sanctions order reversed

[1] All further statutory references are to the Code of Civil Procedure.
[2] Fred Kane was the plaintiff in the underlying action. Jerry Lyne Hurley and Kathy Jean Hurley were the defendants.

either by the Court of Appeal or the Supreme Court. Thereafter, Attorney Willis, represented by appellant, filed a petition for writ of *coram nobis* in the trial court seeking to vacate the sanctions order. On behalf of plaintiff, Attorney Melcher opposed the petition. In reply, appellant requested that the trial court take judicial notice of an arbitration award and the arbitrator's statement of decision in a fee dispute between Attorney Melcher and plaintiff.

Attorney Melcher objected to the request for judicial notice and requested an award of sanctions pursuant to section 128.5 for bad faith actions or tactics. The trial court denied the request for judicial notice and the petition for *coram nobis* and ordered a hearing on the sanctions request. Thereafter, the underlying litigation settled and Attorney Melcher withdrew his request for sanctions. The trial court nevertheless proceeded with the sanctions hearing on its own motion. The trial court found that the request for judicial notice was without merit and had been made in order to improperly bring inadmissible information to the attention of the trial court.[3] The trial court ordered appellant to pay sanctions pursuant to section 128.5 in the amount of $1,500 payable to the Superior Court.

Appellant brought this timely appeal.[4]

## DISCUSSION

■ Section 128.5 provides in pertinent part: "Every trial court may order a party, the party's attorney, or both to pay any reasonable expenses, including attorney's fees, incurred by another party as a result of bad-faith actions or tactics that are frivolous or solely intended to cause unnecessary delay."[5] Section 128.5 authorizes the imposition of sanctions payable to a party to the proceeding. (*Triplett* v. *Farmers Ins. Exchange* (1994) 24 Cal.App.4th 1415, 1421, fn. 5 [29 Cal.Rptr.2d 741]; *Estate of Di Grazia, supra,* 13 Cal.App.4th at pp. 683-684 [trial court is a party to a bad faith

---

[3]Business and Professions Code section 6204, subdivision (e) provides: "Except as provided in this section, the award and determinations of the arbitrators shall not be admissible nor operate as collateral estoppel or res judicata in any action or proceeding."

[4]The notice of appeal was filed by appellant on behalf of Attorney Willis. Although the better practice is for the sanctioned attorney to file a separate notice of appeal, we liberally construe the notice to include appellant. (*Moyal* v. *Lanphear* (1989) 208 Cal.App.3d 491, 497 [256 Cal.Rptr. 296].) Respondents on appeal are the Superior Court and the County of Los Angeles represented by county counsel. (Cf. *Estate of Di Grazia* (1993) 13 Cal.App.4th 681, 685-686 [16 Cal.Rptr.2d 621].)

[5]Section 128.5 will be suspended from January 1, 1995, until December 31, 1998, and a substitute statutory sanctions scheme modeled after the federal rules will be in effect. (Assem. Bill No. 3594 (1993-94 Reg. Sess.) signed by the Governor on Sept. 25, 1994, effective Jan. 1, 1995.)

section 170.1 proceeding to challenge a judge for cause]; *County of Imperial* v. *Farmer* (1988) 205 Cal.App.3d 479, 485 [252 Cal.Rptr. 382]; *Rabbitt* v. *Vincente* (1987) 195 Cal.App.3d 170, 174-175 [240 Cal.Rptr. 524].) We conclude that, as a general rule, the statute does not provide for the imposition of sanctions payable to the trial court.

In interpreting a statute, we apply the usual rules of statutory construction. "We begin with the fundamental rule that our primary task is to determine the lawmakers' intent. [Citation.] . . . To determine intent, ' "The court turns first to the words themselves for the answer." ' [Citations.] 'If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . .' " (*Delaney* v. *Superior Court* (1990) 50 Cal.3d 785, 798 [268 Cal.Rptr. 753, 789 P.2d 934].) We give the language of the statute its "usual, ordinary import and accord significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. A construction making some words surplusage is to be avoided. The words of the statute must be construed in context, keeping in mind the statutory purpose . . . . Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent." (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386-1387 [241 Cal.Rptr. 67, 743 P.2d 1323].)

The language of section 128.5 is clear and unambiguous. It authorizes the trial court to order a party or the party's attorney to pay *the reasonable expenses incurred by another party*. The statute makes no mention of costs incurred by nonparties or the trial court. Although the statute does not expressly prohibit the payment of sanctions to a nonparty, such a prohibition is the only reasonable inference to be drawn from its provision for the payment of reasonable expenses incurred by another party. It would be unreasonable to interpret the statute to permit the expenses incurred by a party to be paid to someone other than the party incurring those expenses. The clear purpose of a sanctions order under section 128.5 is to compensate the injured party for reasonable expenses incurred as a result of the sanctioned party's misconduct. (*Tenderloin Housing Clinic, Inc.* v. *Sparks* (1992) 8 Cal.App.4th 299, 307-308 [10 Cal.Rptr.2d 371]; *Brewster* v. *Southern Pacific Transportation Co.* (1991) 235 Cal.App.3d 701, 710 [1 Cal.Rptr.2d 89].) Where the trial court is not a party to the proceeding (cf. *Estate of Di Grazia, supra,* 13 Cal.App.4th 681), section 128.5 sanctions may not be ordered payable to the trial court.

Although we believe the statute is clear and unambiguous and needs no further construction, we note that there is nothing in the legislative history

evidencing a contrary intent. Section 128.5 was enacted in 1981 in response to *Baugess* v. *Paine* (1978) 22 Cal.3d 626 [150 Cal.Rptr. 461, 586 P.2d 942]. In *Baugess*, the Supreme Court reversed a trial court award of attorney fees in favor of a party as sanctions against the other party. The Supreme Court held that such an award was not within the equitable or supervisory power of the court and was not authorized by statute. (*Baugess* v. *Paine, supra,* 22 Cal.3d at p. 639.) The intent of the Legislature in adopting section 128.5 was " 'to broaden the powers of trial courts to manage their calendars and provide for the expeditious processing of civil actions by authorizing monetary sanctions now not presently authorized by the interpretation of the law in *Baugess*[] v. *Paine* (1978) 22 Cal.3d 626.' (Stats. 1981, ch. 762, § 2, p. 2968.) [¶] . . . [T]he particular problem which section 128.5 was intended to address was the inability of the trial court to award attorney fees as sanctions in those cases in which the fees had been incurred as a result of the bad faith actions or tactics of the one to be sanctioned." (*Brewster* v. *Southern Pacific Transportation Co., supra,* 235 Cal.App.3d at pp. 710-711; *County of Imperial* v. *Farmer, supra,* 205 Cal.App.3d 479, 485.)

The conclusion that sanctions are not payable to the trial court under section 128.5 is buttressed by the enactment of a subsequent statute clearly authorizing such payments. Section 177.5 provides in pertinent part: "A judicial officer shall have the power to impose reasonable money sanctions, not to exceed fifteen hundred dollars ($1,500), notwithstanding any other provision of law, payable to the county in which the judicial officer is located, for any violation of a lawful court order by a person, done without good cause or substantial justification. This power shall not apply to advocacy of counsel before the court. For the purposes of this section, the term 'person' includes a witness, a party, a party's attorney, or both."

Section 177.5 was enacted in 1982 (Stats. 1982, ch. 1564, § 1, pp. 6173-6174) to supplement section 128.5 by adding a "provision for imposition of money sanctions for violation of a lawful court order by a witness, party, or party's attorney." (*People* v. *Tabb* (1991) 228 Cal.App.3d 1300, 1306 [279 Cal.Rptr. 480].) The legislation was sought by the Superior Court of Los Angeles County " 'on the basis that existing contempt authority [did] not give [judges] adequate power to ensure orderly and efficient operation of the courts, including the use of innovative methods such as structured pre-trial conferences. . . .' " (*Ibid.*) The Los Angeles County Superior Court suggested that " 'existing law [did] not permit counties to recoup wasted costs (e.g., costs for courtrooms, court personnel, jurors, etc.) resulting from needless delays caused by dilatory tactics of some attorneys.' " (*Id.* at p. 1309.) "[T]he 'apparent purpose' of section 177.5 was to compensate public agencies (such as the courts) for the cost of unnecessary hearings. It

is interesting to note that the bill as originally proposed included language authorizing an award of sanctions payable either to the county or a party; however, the portion concerning payment to a party was deleted before enactment." (*Id.* at p. 1308.)[6]

Based on the clear language of section 128.5, its legislative history, and the enactment of subsequent related legislation, we conclude section 128.5 sanctions may not be awarded in favor of the trial court.[7] Accordingly, the trial court acted in excess of its authority when it imposed sanctions payable to the court pursuant to section 128.5.[8]

### DISPOSITION

The order imposing sanctions payable to the court is reversed. The parties are to bear their own costs on appeal. The clerk of this court is directed to forward a copy of this opinion to the California State Bar in accordance with Business and Professions Code section 6086.7, subdivision (c).[9]

Turner, P. J., and Godoy Perez, J., concurred.

---

[6]New section 128.7, subdivision (d), effective January 1, 1995, also provides for the imposition of a sanction in the form of "an order to pay a penalty into court." (Assem. Bill No. 3594 (1993-1994 Reg. Sess.) signed by the Governor on Sept. 25, 1994, effective Jan. 1, 1995.)

[7]Sanctions may be ordered payable to the court under other circumstances not relevant to these proceedings. (E.g., Cal. Rules of Court, rule 227 Code Civ. Proc., § 907; and Cal. Rules of Court, rule 26(a); and Super. Ct. L.A. County Local Rule 8.0.)

[8]Although the motion for sanctions was originally brought on the further basis of section 177.5, the sanctions were not awarded on this basis and there is no evidence in the record of any violation by appellant of a lawful court order. Nor can the sanctions be justified by any other statutes or rules not relied on by the trial court, or by the inherent power of the court. (*Baugess* v. *Paine, supra,* 22 Cal.3d at pp. 635-636.)

[9]This section requires notice to the State Bar of the imposition of sanctions against an attorney. As we are reversing an order presumably reported to the State Bar, equity requires the State Bar be informed of the disposition.