[No. B162688. Second Dist., Div. Five. Nov. 6, 2003.]

MICHAEL QUINTANA, Plaintiff and Appellant, v.
GREGG WHITAKER GIBSON, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of the Facts and Procedural Background, and sections I and II of the Discussion.

**COUNSEL**

Law Offices of Kenneth W. Thompson and Kenneth W. Thompson for Plaintiff and Appellant.

Law Offices of Roger A. Koll, and John Greenleaf; Pollak, Vida & Fisher, Michael M. Pollak, Daniel P. Barer and Anna L. Birenbaum for Defendant and Respondent.

## OPINION

**GRIGNON, J.**—Plaintiff and appellant Michael Quintana appeals from a postjudgment order granting a motion for entry of satisfaction of judgment in favor of defendant and respondent Gregg Whitaker Gibson in this action for damages arising from an automobile accident. Plaintiff's medical expenses were paid by his employer's workers' compensation insurer. Defendant's liability insurer paid the workers' compensation lien and offered to settle with plaintiff for $5,000, which plaintiff accepted. Judgment was entered pursuant to the settlement agreement. Defendant's liability insurer mailed plaintiff a check for the difference between the amount of the settlement and the amount of the workers' compensation lien ($2,146). Plaintiff refused to accept the check. Defendant demanded plaintiff accept the check in full satisfaction of the judgment. Plaintiff refused to sign an acknowledgment of satisfaction of judgment. Defendant moved for an order for entry of satisfaction of judgment. The trial court granted defendant's motion.

Plaintiff contends defendant failed to comply with the demand requirements of Code of Civil Procedure section 724.050 prior to moving for entry of satisfaction of judgment. Defendant argues that a noticed motion pursuant to Code of Civil Procedure section 724.050 is not the sole method of obtaining an order for entry of satisfaction of judgment. In the published portion of this opinion, we conclude the noticed motion procedure set forth in Code of Civil Procedure section 724.050 is the exclusive method for obtaining an order for entry of satisfaction of judgment, but defendant's failure to comply with the procedure did not result in any prejudice to plaintiff under the facts of this case. In the unpublished portion of this opinion, we address plaintiff's remaining contentions, including his contention that defendant was required to pay a proportionate share of plaintiff's attorney fees under the common fund doctrine. We affirm on condition that defendant pay his proportionate share of plaintiff's attorney fees.

## FACTS AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

I.–II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

III.  *Failure to Comply With Code of Civil Procedure Section 724.050*

    A.  *Statutory Scheme*

    Chapter 1, division 5 of Code of Civil Procedure section 724.010 et seq. sets forth the procedures for satisfaction of judgment. "A money judgment may be satisfied by payment of the full amount required to satisfy the judgment . . . ." (Code Civ. Proc., § 724.010 , subd. (a).) "The court clerk shall enter satisfaction of a money judgment in the register of actions when the following occur: [¶] (a) A writ is returned satisfied for the full amount of a lump-sum judgment. [¶] (b) An acknowledgment of satisfaction of judgment is filed with the court. [¶] (c) The court orders entry of satisfaction of judgment." (*Id.*, § 724.020.) "When a money judgment is satisfied, the judgment creditor immediately shall file with the court an acknowledgment of satisfaction of judgment. This section does not apply where the judgment is satisfied in full pursuant to a writ." (*Id.*, § 724.030.)

    "(a) If a money judgment has been satisfied, the judgment debtor . . . may serve personally or by mail on the judgment creditor a demand in writing that the judgment creditor do one or both of the following: (1) File an acknowledgment of satisfaction of judgment with the court. [¶] (2) Execute, acknowledge, and deliver an acknowledgment of satisfaction of judgment to the [judgment debtor]. [¶] (b) The demand shall include the following statement: 'Important warning. If this judgment has been satisfied, the law requires that you comply with this demand not later than 15 days after you receive it. If a court proceeding is necessary to compel you to comply with this demand, you will be required to pay my reasonable attorney's fees in the proceeding if the court determines that the judgment has been satisfied and you failed to comply with the demand. In addition, if the court determines that you failed without just cause to comply with this demand within the 15 days allowed, you will be liable for all damages I sustain by reason of such failure and will also forfeit one hundred dollars to me.' [¶] (c) If the judgment has been

---

*See footnote, *ante*, page 89.

satisfied, the judgment creditor shall comply with the demand not later than 15 days after actual receipt of the demand. [¶] (d) If the judgment creditor does not comply with the demand within the time allowed, the [judgment debtor] may apply to the court on noticed motion for an order requiring the judgment creditor to comply with the demand. The notice of motion shall be served on the judgment creditor. Service shall be made personally or by mail. If the court determines that the judgment has been satisfied and that the judgment creditor has not complied with the demand, the court shall either (1) order the judgment creditor to comply with the demand or (2) order the court clerk to enter satisfaction of judgment. [¶] (e) If the judgment has been satisfied and the judgment creditor fails without just cause to comply with the demand within the time allowed, the judgment creditor is liable to the [judgment debtor] for all damages sustained by reason of such failure and shall also forfeit one hundred dollars ($100) to [the judgment debtor]. Liability under this subdivision may be determined in the proceedings on the motion pursuant to subdivision (d) or in an action." (Code Civ. Proc., § 724.050.)

"In an action or proceeding maintained pursuant to this chapter, the court shall award reasonable attorney's fees to the prevailing party." (Code Civ. Proc., § 724.080.) "The damages recoverable pursuant to this chapter are not in derogation of any other damages or penalties to which an aggrieved person may be entitled by law." ( *Id.*, § 724.090.)

B.   *Entry of Satisfaction of Judgment*

In this case, after defendant had sent plaintiff a check in the amount of $2,146, plaintiff informed defendant that: he was entitled to the entire $5,000 judgment without offset; he would hold the check for $2,146 pending further instruction from defendant; and, if he did not receive the entire $5,000 within 30 days, he would institute collection efforts. Defendant wrote to plaintiff explaining the reduced amount of the check and notifying plaintiff that continued assertion of the right to the entire $5,000 would require defendant to move in the trial court for an order of satisfaction of judgment. The letter did not comply with the requirements of a demand within the meaning of Code of Civil Procedure section 724.050. Defendant moved to compel acknowledgment of satisfaction or entry of satisfaction of judgment. The motion sought damages and the $100 penalty. The trial court granted the motion, but did not award damages, penalty, or attorney fees.

Plaintiff contends the motion for entry of satisfaction of judgment was fatally defective and unauthorized because defendant's demand failed to comply with the requirements of Code of Civil Procedure section 724.050,

including the requirement of the warning statement. Defendant concedes the demand failed to comply with the requirements of Code of Civil Procedure section 724.050, but asserts that compliance is required only to support an award of sanctions, and his failure to comply was not prejudicial to plaintiff.

■ We conclude a motion for entry of satisfaction of judgment may be brought only in compliance with the demand requirements of Code of Civil Procedure section 724.050. This conclusion is based on the statutory language and the legislative history.

### C. *Statutory Interpretation*

"In interpreting a statute, we apply the usual rules of statutory construction. 'We begin with the fundamental rule that our primary task is to determine the lawmakers' intent. [Citation.] . . . To determine intent, " 'the court turns first to the words themselves for the answer.' " [Citations.] "If the language is clear and unambiguous there is no need for construction, nor is it necessary to resort to indicia of the intent of the Legislature (in the case of a statute) . . . ." ' [Citation.] We give the language of the statute its 'usual, ordinary import and accord significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. A construction making some words surplusage is to be avoided. The words of the statute must be construed in context, keeping in mind the statutory purpose . . . . Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent.' " (*Kane v. Hurley* (1994) 30 Cal.App.4th 859, 862 [35 Cal.Rptr.2d 809].)

### D. *Statutory Language*

■ The statutory scheme provides only a single method for a judgment debtor to obtain an order for entry of satisfaction of judgment (other than in the case of a writ of execution) in those cases in which the judgment creditor refuses or fails to file or deliver a signed acknowledgment of satisfaction. That procedure is found in Code of Civil Procedure section 724.050 and requires a prior demand on the judgment creditor. There is no other procedure authorizing a noticed motion for entry of satisfaction of judgment. (Cf. Code Civ. Proc., § 116.850, subds. (c) and (d) [Small Claims].)

### E. *Legislative History*

The legislative history indicates that the exclusivity of the procedure was intentional. Prior to 1982, satisfaction of judgment was governed by Code of Civil Procedure former section 675. Subdivision (a) of Code of Civil Procedure former section 675 provided in pertinent part: "Satisfaction of a

judgment may be entered upon an execution returned satisfied, or upon an acknowledgment of satisfaction filed with the clerk or with the judge . . . . Whenever a judgment is satisfied in fact, otherwise than upon an execution, the party or attorney must give such acknowledgment . . . and, upon motion, the court may compel it, or may order the entry of satisfaction to be made without it."

In 1982, the Law Revision Commission published its Recommendation Relating to Enforcement of Judgments Law (Dec. 1982) 16 California Law Revision Commission Report (1982) page 1009 et seq. The recommendation addressed proposed changes in satisfaction of judgment proceedings. "The existing law . . . includes a procedure that may be used where the judgment creditor fails or refuses to file or deliver an acknowledgment of satisfaction as required under the provisions outlined above." (*Id.* at p. 1161.) "Existing law . . . permits the judgment debtor to apply to the court on noticed motion for an order requiring the judgment creditor to give an acknowledgment of satisfaction or requiring the court clerk to enter satisfaction without an acknowledgment. See Section 675(a). The proposed law permits such a motion only after failure of the judgment creditor to comply with a demand for the delivering or filing of an acknowledgment." (*Id.* at pp. 1161–1162 & fn. 598.)

Pursuant to the recommendation of the Law Revision Commission, the Legislature repealed Code of Civil Procedure former section 675 and adopted division 5, entitled Satisfaction of Judgment. The Assembly Committee Comment notes that subdivision (d) of Code of Civil Procedure section 724.050 supercedes the last portion of the second sentence of subdivision (a) of Code of Civil Procedure former section 675 ("and, upon motion, the court may compel [acknowledgment of satisfaction], or may order the entry of satisfaction to be made without [acknowledgment of satisfaction]"). (Legis. Com. com., 17 West's Ann. Code Civ. Proc. (1987 ed.) foll. § 724.050, p. 583.) The Assembly Committee Comment also notes: "A sanction is imposed under subdivision (e) of Section 724.050 only if a demand is made and the judgment creditor fails without just cause to comply with the demand within the 15-day period allowed. . . . The requirement that a demand be made protects against imposition of the sanction where, for example, the failure to file or deliver the acknowledgment is the result of an oversight on the part of the judgment creditor." (*Ibid.*) Thus, the noticed motion procedure following a demand set forth in Code of Civil Procedure section 724.050, subdivision (d) was apparently intended to completely replace the noticed motion procedure previously set forth in Code of Civil Procedure former section 675, subdivision (a).

F. *Prejudice*

Although defendant did not comply with the demand requirements of Code of Civil Procedure section 724.050 prior to bringing a noticed motion, we conclude plaintiff suffered no prejudice by defendant's lack of compliance. (Cal. Const., art. VI, § 13.) "The court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties. No judgment, decision, or decree shall be reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall appear from the record that such error, ruling, instruction, or defect was prejudicial, and also by reason of such error, ruling, instruction, or defect, the said party complaining or appealing sustained and suffered substantial injury, and that a different result would have been probable if such error, ruling, instruction, or defect had not occurred or existed. There shall be no presumption that error is prejudicial, or that injury was done if error was shown." (Code Civ. Proc., § 475.)

The parties brought to the trial court's attention defendant's failure to comply with Code of Civil Procedure section 724.050. Nevertheless, the trial court ordered entry of satisfaction of judgment. It did not, however, find that plaintiff had failed to comply without just cause with defendant's demand for acknowledgment of satisfaction. It found only that the judgment had been satisfied by the check tendered. The trial court did not award defendant any damages, penalty or attorney fees. Moreover, plaintiff firmly and with just cause believed that the $2,146 check tendered by defendant did not satisfy the $5,000 judgment. Thus, it is not likely that plaintiff would have complied with a demand for acknowledgment of satisfaction, even had defendant made a proper demand, including the warning.

## DISPOSITION

The order granting defendant Gregg Whitaker Gibson's motion to compel acknowledgment of satisfaction of judgment is affirmed, provided within 30 days after the remittitur is filed in superior court, defendant files in superior court proof of payment of $1,400.23 to plaintiff Michael Quintana's attorney. If no such proof of payment is filed within the prescribed time, or such further time as the trial court shall for good cause allow, the order is reversed. In the interests of justice, the parties shall bear their own costs on appeal.

Turner, P. J., and Armstrong, J., concurred.