[No. A079050. First Dist., Div. One. Feb. 6, 1998.]

EDWARD P. DANT, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

382

**COUNSEL**

James S. Donnelly and John F. Lee for Petitioner.

No appearance for Respondent.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Bruce Ortega and Ross C. Moody, Deputy Attorneys General, for Real Party in Interest.

## OPINION

## SWAGER, J.—

### SUMMARY

Edward P. Dant (defendant) seeks to compel a ruling on his motion for release on his own recognizance (OR). (Pen. Code, § 1270, subd. (a); Cal. Const., art. I, § 12.)[1] Defendant was charged with a misdemeanor violation of section 273.5 (battery on a cohabitant) and was placed in custody early Saturday morning June 28, 1997. At his arraignment on Wednesday, July 2, 1997, he made a motion to be released on OR. (§§ 825, 849.) The court declined to then rule on the motion declaring itself bound by section 1270.1[2] to give the prosecutor two court days' notice prior to considering an OR request. Over defendant's objection, the court continued the motion until the following Monday, July 7, 1997.[3] Defendant petitions for relief here following denial of his petition for writ of mandate in the superior court. (Code Civ. Proc., § 904.1, subd. (a); *Davis* v. *Municipal Court* (1988) 46 Cal.3d 64, 72, fn. 4 [249 Cal.Rptr. 300, 757 P.2d 11].)

---

[1]All statutory references are to the Penal Code unless otherwise indicated.

[2]At the time of defendant's arrest and the ruling challenged here, section 1270.1 provided: "Before any person who is arrested for a violent felony, for a violation of Section 262, 273.5, or 646.9, or for a violation of paragraph (1) of subdivision (e) of Section 243, may be released on bail, in an amount that is either more or less than the amount contained in the schedule of bail for the offense, or may be released on his or her own recognizance, a hearing shall be held in open court before the magistrate or judge. The prosecuting attorney shall be given a two court-day written notice and an opportunity to be heard on the matter. The hearing required by this section shall be held within the time period prescribed in Section 825.

"If the judge or magistrate sets the bail in an amount which is either more or less than the amount contained in the schedule of bail for the offense, the judge or magistrate shall state the reasons for that decision and shall address the issue of threats made against the victim or witness, if they were made, in the record. This statement shall be included in the record.

"As used in this section, 'violent felony' means any crime specified in subdivision (c) of Section 667.5." (Stats. 1995, ch. 91, § 130.)

The section was amended effective January 1, 1998 (Stats. 1997, ch. 557, § 1) to make it applicable to certain additional offenses, to require notice to defense counsel as well as the prosecution, and to specify evidence to be considered by the court at the OR hearing.

[3]Friday, July 4, 1997, was a holiday.

■ Although defendant has been released from custody, we choose to address the merits of the petition. Where, as here, a case "poses an issue of broad public interest that is likely to recur, the court may exercise an inherent discretion to resolve that issue even though an event occurring during its pendency would normally render the matter moot." (*In re William M.* (1970) 3 Cal.3d 16, 23 [89 Cal.Rptr. 33, 473 P.2d 737]; *Alfredo A.* v. *Superior Court* (1994) 6 Cal.4th 1212, 1218-1219 [26 Cal.Rptr.2d 623, 865 P.2d 56]; *In re Nordin* (1983) 143 Cal.App.3d 538, 541 [192 Cal.Rptr. 38].)[4]

■ Defendant contends the municipal court erred by reading section 1270.1 to remove its discretion to consider his request for OR release at his arraignment. As will be seen, we hold that section 1270.1, by its terms, is applicable only within the parameters of section 825, which requires that an arrestee be brought before a magistrate "without unnecessary delay, and, in any event, within 48 hours after his or her arrest, excluding Sundays and holidays."[5] As so read, it is not an unconstitutional restraint upon the court's discretion conferred by California Constitution, article I, section 12 to grant an OR release, nor is it a violation of an arrestee's rights to equal protection of the laws guaranteed by the United States and California Constitutions.

### BAIL AND OR RELEASE BACKGROUND

A review of the constitutional and statutory framework governing bail and OR release is helpful in our consideration of defendant's challenge to section 1270.1. ■ "Article I, section 12, of the California Constitution establishes a person's right to obtain release on bail from pretrial custody, identifies certain categories of crime in which such bail is unavailable, prohibits the imposition of excessive bail as to other crimes, sets forth the factors a court shall take into consideration in fixing the amount of the required bail, and recognizes that a person 'may be released on his or her own recognizance in the court's discretion.'" (*In re York* (1995) 9 Cal.4th 1133, 1139-1140 [40 Cal.Rptr.2d 308, 892 P.2d 804], fn. omitted.) Article I, section 12's provision concerning OR was originally contained in Proposition 7, adopted by the voters in the November 5, 1974, General Election.[6] (*Van Atta* v. *Scott* (1980) 27 Cal.3d 424, 453 [166 Cal.Rptr. 149, 613 P.2d

---

[4]The recent amendments to section 1270.1 do not alter our analysis.

[5]See *County of Riverside* v. *McLaughlin* (1991) 500 U.S. 44, 56-59 [111 S.Ct. 1661, 1669-1671, 114 L.Ed.2d 49]; *Gerstein* v. *Pugh* (1975) 420 U.S. 103, 125 [95 S.Ct. 854, 868-869, 43 L.Ed.2d 54]; *People* v. *Turner* (1994) 8 Cal.4th 137, 176-177 [32 Cal.Rptr.2d 762, 878 P.2d 521]; *Youngblood* v. *Gates* (1988) 200 Cal.App.3d 1302 [246 Cal.Rptr. 775].

[6]Subsequently, in the June 1982 Primary Election, the voters were confronted with two proposals amending the bail and OR provisions of the Constitution. Proposition 4 (which did not revise the OR release language) received more votes than the omnibus Proposition 8 initiative, which contained an OR provision to make the court's exercise of discretion

210].) Prior to that time, the bail provisions of the Constitution were contained in article I, section 6, but no mention was made of OR release. There was, however, a "well-established practice of releasing persons accused of crimes on their own recognizance," which article I, section 12 recognized. (Cal. Const. Revision Com., Proposed Revision (1971) p. 19.) The development of that OR practice was independent of statute and had not received any legislative mention until 1959 with the enactment of former section 1318 et seq. (*Williams* v. *County of San Joaquin* (1990) 225 Cal.App.3d 1326, 1331 [275 Cal.Rptr. 302]; 4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Proceedings Before Trial, § 2034, p. 2397.) In 1979, the Legislature reorganized the bail statutes, expressly recognized OR release as an alternative to release on bail (§ 1270) and provided the procedural framework for OR releases. (Stats. 1979, ch. 873; *People* v. *Jenkins* (1983) 146 Cal.App.3d 22, 26 [193 Cal.Rptr. 854].)[7]

Under our present constitutional and statutory scheme, a person arrested for a crime has a right to be promptly taken before a magistrate and at that time may move for OR release or reduction of bail. (Cal. Const., art. I, § 12; §§ 825, 849, 859b, 1319, subd. (c); and see *County of Riverside* v. *McLaughlin, supra,* 500 U.S. 44, 56-59 [111 S.Ct. 1661, 1669-1671]; *Gerstein* v.

---

" '. . . subject to the same factors considered in setting bail.' " (*In re York, supra,* 9 Cal.4th 1133, 1140, fn. 4.)

[7]Section 1268a recognized that "the defendant may be released from custody upon his or her own recognizance." (Stats. 1979, ch. 873, § 1, p. 3037.)

Section 1270, subdivision (a) (Stats. 1979, ch. 873, § 4, p. 3039) provided: "Any person, who has been arrested for or charged with an offense other than a capital offense may be released on his or her own recognizance by a court or magistrate who could release a defendant from custody upon the defendant giving bail . . . . [A] defendant who is in custody and is arraigned on a complaint alleging an offense which is a misdemeanor . . . shall be entitled to an own recognizance release unless the court makes a finding upon the record that an own recognizance will not reasonably assure the appearance of the defendant as required." Section 1270 was amended in 1989 to specify the factors to be considered by the magistrate when acting on the OR motions of persons arrested for particular crimes, including violations of section 273.5. (Stats. 1989, ch. 514, § 1, p. 1765.)

In 1995, section 1270 was rewritten and now reads: "(a) Any person who has been arrested for, or charged with, an offense other than a capital offense may be released on his or her own recognizance by a court or magistrate who could release a defendant from custody upon the defendant giving bail, including a defendant arrested upon an out-of-county warrant. A defendant who is in custody and is arraigned on a complaint alleging an offense which is a misdemeanor, and a defendant who appears before a court or magistrate upon an out-of-county warrant arising out of a case involving only misdemeanors, shall be entitled to an own recognizance release unless the court makes a finding on the record, in accordance with Section 1275, that an own recognizance release will compromise public safety or will not reasonably assure the appearance of the defendant as required. Public safety shall be the primary consideration. If the court makes one of those findings, the court shall then set bail and specify the conditions, if any, whereunder the defendant shall be released.

"(b) Article 9 (commencing with Section 1318) shall apply to any person who is released pursuant to this section."

*Pugh, supra,* 420 U.S. 103, 125 [95 S.Ct. 854, 868-869]; *People* v. *Turner, supra,* 8 Cal.4th 137, 176-177; *Youngblood* v. *Gates, supra,* 200 Cal.App.3d 1302.) "Bail permits a defendant to be released from actual custody into the constructive custody of a surety on a bond given to procure the defendant's release." (Cal. Criminal Law Procedure and Practice (Cont.Ed.Bar 1996) Release Procedures, § 4.16, p. 71 (hereinafter CEB).) The courts are responsible for adopting a countywide schedule of bail. (§ 1269b, subd. (c).) "The schedules typically list the offense by code section and description, then indicate the recommended amount of bail. The bail schedule usually specifies additional amounts for cases in which sentence enhancing allegations or other extraordinary facts are present. The jails have a copy of the bail schedules. . . . They are also available from the court clerk. . . . [Arrestees] may post the amount of bail listed in the bail schedule to effect their release *before appearing in court.*" (CEB § 4.19, pp. 72-73, italics added.)

Instead of posting scheduled bail, arrested persons may also be released on their own recognizance prior to a first court appearance. "In some counties, a judge or bail commissioner is on duty at all times to determine whether an [OR] release is appropriate or whether the bail figure set in the bail schedule should be lowered. (The police also use the bail magistrate to raise bail.)" (CEB §§ 4.1-4.3, pp. 63-65.)

Sections 1318, 1318.1, 1319 and 1320 provide the procedural framework for OR releases. Section 1318 mandates a signed release agreement. Section 1320 makes failure to appear after OR release a crime. Section 1318.1 allows the court (with the concurrence of the local board of supervisors) to employ an investigative staff "for the purpose of recommending whether a defendant should be released on his or her own recognizance," and sets forth specific report requirements in cases involving certain felonies.

Section 1319 (like section 1270.1, challenged here) prohibits OR release of any person accused of an enumerated felony absent a hearing in open court and "until the prosecuting attorney is given notice and a reasonable opportunity to be heard on the matter." It was added by Assembly Bill No. 3521, 1986-1987 Regular Session. (Stats. 1986, ch. 543, § 1, p. 1942, eff. Aug. 21, 1986.) In forwarding the bill to the Governor, its sponsor pointed out that under the law in effect at that time, a person could be released upon his or her own recognizance by a judge on duty at home without the benefit of a public hearing. The analysis of the bill by the Senate Committee on the Judiciary explained that the law (§ 825) required "that an arrestee be brought before a magistrate for arraignment within 48 hours" and that while ordinarily release decisions were made at arraignment with the prosecution and the defendant represented by counsel, some counties had established

weekend OR release systems. "The release decision is made by a weekend duty judge at home, with no provision for consultation or notification of the district attorney's office."

Consistent with the Legislature's recognition of the requirements of section 825, section 1319 conditions its notice and open hearing requirements on implementation *"in a manner consistent with the defendant's right to be taken before a magistrate or judge without unreasonable delay pursuant to Section 825."* (§ 1319, subd. (a), italics added.)

A prior version of section 1270.1 was enacted as Assembly Bill No. 4285 in 1988[8] and did *not* address OR release. It instead created notice and hearing requirements for bail motions similar to those specified in section 1319.[9] In 1994, section 1270.1 was amended to include section 273.5 (as well as other offenses) to the list of enumerated crimes and to extend the notice and hearing requirement to OR release as well as bail reduction or increase (Assem. Bill No. 59, Stats. 1994, 1st Ex. Sess. 1993-1994, ch. 58, § 1.)

Section 1270 generally declares a *statutory* right to OR release for misdemeanor arrestees, " 'unless the court makes a finding upon the record that an [OR] release will not reasonably assure the appearance of the defendant as required.' " (*In re York, supra,* 9 Cal.4th 1133, 1138, fn. 2.) Under that section and the framework we have described, persons arrested for misdemeanors may routinely be released on OR prior to any appearance in court.

[8]The 1979 version of section 1270.1 (Stats. 1979, ch. 837, § 5, p. 3039) simply provided: "Any person who has been arrested for or charged with a misdemeanor may be released by a court or magistrate upon execution of an appearance bond."

[9]The Legislative Counsel's Digest of the bill explained that existing law "authorizes a court of competent jurisdiction or a magistrate to issue an order that a defendant in a criminal case be discharged from actual custody upon posting bail. Existing law also provides that before any person arrested for a violent felony, as defined, is released on his or her own recognizance, a hearing shall be held in open court before the magistrate or judge, and the prosecuting attorney shall be given notice and a reasonable opportunity to be heard on the matter and it requires the judge or magistrate to state the reason for his or her decision in the court's minutes. [¶] This bill would provide that before any person arrested for a violent felony is released from custody *on bail,* which is set in an amount which is either more or less than the amount contained in the schedule of bail for that felony, a hearing similar to the above hearing shall be held. It would also provide that if the judge or magistrate sets the bail in an amount which is either more or less than the scheduled amount the judge or magistrate shall state the reason for that decision and shall address the issue of threats made against the victim or witness, if they were made, on the record." (Legis. Counsel's Dig., Assem. Bill No. 4285, 4 Stats. 1988 (Reg. Sess.) Summary Dig., pp. 149-150, italics added.) In forwarding it to the Governor for signature, the bill's sponsor expressed the concern that even after arraignment, bail could be lowered (or raised) at any time during a criminal proceeding without notice to the opposite party.

Section 1270.1, however, places limits on OR release for certain offenses, including section 273.5, by requiring that before a person arrested for any one of the named offenses may be released on OR, "a hearing shall be held in open court before the magistrate or judge," with "a two court-day written notice and an opportunity to be heard" provided to the prosecutor. Significantly, section 1270.1 also specifies that "[*t*]*he hearing required by this section shall be held within the time period prescribed in Section 825.*" (Italics added.)

## DISCUSSION

■ The municipal court refused to rule on defendant's motion for OR release on the ground that section 1270.1 prohibited any consideration of the motion without two court days' written notice to the prosecutor.

Defendant first argues that section 1270.1 does not apply to a misdemeanor violation of section 273.5. The clear language of the statute, however, is to .the contrary, stating its applicability to "any person .who is arrested for a violent felony, for a violation of Section 262, 273.5, or 646.9, or for a violation of paragraph (1) of subdivision (e) of Section 243." ■ Our interpretation of statutory language is governed by well-settled rules, and where, as here, "the statute's meaning is without ambiguity, doubt, or uncertainty, the statutory language controls." (*In re York, supra*, 9 Cal.4th 1133, 1142.)

■ Nor do we agree with defendant's claim that application of section 1270.1 to persons arrested for misdemeanor violations of section 273.5 violates constitutional guarantees of equal protection of the law because persons arrested for other misdemeanors and certain felonies are not encompassed within its provisions and have a statutory right to OR release consideration pursuant to the provisions of section 1270. ■ As the People correctly point out, the "basic guarantees of equal protection embodied in the Fourteenth Amendment to the United States Constitution and article I, sections 11 and 21, of the California Constitution . . . prohibit the state from arbitrarily discriminating among persons subject to its jurisdiction, and require that classifications between those to whom the state accords and withholds substantial benefits must be reasonably related to a legitimate public purpose." (*In re Kapperman* (1974) 11 Cal.3d 542, 545 [114 Cal.Rptr. 97, 522 P.2d 657].)

■ Defendant has not met the "first prerequisite to a meritorious claim under the equal protection clause [by] showing that the state has adopted a

classification that affects two or more *similarly situated* groups in an unequal manner." (*In re Eric J.* (1979) 25 Cal.3d 522, 530 [159 Cal.Rptr. 317, 601 P.2d 549], italics in the original.) Further, there is a rational basis for treating cohabitant batterers differently. "The overriding purpose of section 273.5 is to deter domestic violence. [Citation.] Since enacting its predecessor statute in 1945, the Legislature has continually broadened the scope of this protection. The evolution of this statute reflects a developing awareness of the human factors that lead to domestic violence. The Legislature's enactments reflect a societal determination that domestic violence—once viewed as a purely private matter in which the state was reluctant to interfere—will no longer be tolerated." (*People* v. *Mora* (1996) 51 Cal.App.4th 1349, 1355 [59 Cal.Rptr.2d 801].) Victim and batterer in domestic violence situations have a special relationship, with the victim often particularly vulnerable. (*Ibid.*) It is reasonable for the Legislature to require a notice provision for a bail reduction/OR motion in this circumstance.

Next, defendant argues that article I, section 12 of the California Constitution and section 825 give the court discretion to hold a bail/OR hearing at arraignment. Section 1270.1, he says, may not be read to conflict with his claimed right to such a discretionary review. While there is no right to OR release under the California Constitution, any reading of section 1270.1 which prohibits a court from exercising the OR discretion granted by article I, section 12, absent the prosecutor's consent, would seriously implicate the separation of powers doctrine. (Cal. Const., art. III, § 3.) " 'If a statute is susceptible of two constructions, one of which will render it constitutional and the other unconstitutional in whole or in part, or raise serious and doubtful constitutional questions, the court will adopt the construction which, without doing violence to the reasonable meaning of the language used, will render it valid in its entirety, or free from doubt as to its constitutionality, even though the other construction is equally reasonable. [Citations.] The basis of this rule is the presumption that the Legislature intended, not to violate the Constitution, but to enact a valid statute within the scope of its constitutional powers.' [Citations.]" (*People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497, 509 [53 Cal.Rptr.2d 789, 917 P.2d 628].)

Here, we need not confront the constitutional question because the municipal court's interpretation of section 1270.1 contravenes the clear language of the statute itself. (*People* v. *Superior Court (Romero)*, *supra*, 13 Cal.4th 497, 509; *In re Bittaker* (1997) 55 Cal.App.4th 1004, 1012 [64

Cal.Rptr.2d 679].) Section 1270.1 by its terms unambiguously mandates compliance with section 825.[10] The "time period prescribed by section 825" plainly is not, as the People urge, a method for counting the two-court-day notice required by section 1270.1, but is instead defined by section 825 as "without unnecessary delay, and, in any event, *within 48 hours after . . . arrest . . . .*" (§ 825, subd. (a)(1), italics added.)[11] Where, as here, the motion is made at the hearing required by section 825, the court must exercise its discretion.

Contrary to the People's argument, our reading of section 1270.1 does not render the requirement of notice to the prosecutor surplusage. Absent section 1270.1, a person arrested for a violation of section 273.5 is eligible for immediate release on OR before arraignment and without a hearing in open court or any notice to the prosecutor. (Cal. Const., art. I, § 12; §§ 1270, 1318-1320.) Section 1270.1 mandates both notice and a court hearing but also requires compliance with section 825. By the time of arraignment, the prosecutor will necessarily have reviewed the police reports and the arrestee's criminal history in order to make a charging decision and may assume that a motion for bail reduction or OR release is possible. After arraignment, section 1270.1 requires written notice and a hearing on any renewed motion for reduced bail or OR. Thus, the prosecutor and the victim are assured that the accused will not be released on an ex parte basis and are on notice that any arguments against initial bail reduction or OR release must be made within the time constraints of section 825.

Moreover, nothing in our construction of section 1270.1 prohibits the municipal court—at a hearing in open court, "held within the time period prescribed in Section 825"—from exercising its sound discretion on the basis of the record then before it to deny OR release to a particular arrestee and then to grant a reasonable continuance to obtain additional information relevant to the propriety of such a release. But where, as here, a motion for OR release was before the court, it was error to refuse to consider and rule upon it. (Cal. Const., art. I, § 12; § 1270.1.)

---

[10] "A statute must be considered in the context of the relevant statutory framework." (*People v. Goodloe* (1995) 37 Cal.App.4th 485, 491 [44 Cal.Rptr.2d 15].) As we have seen, the Legislature was mindful of the requirements of section 825 when it enacted section 1319, the evident model for section 1270.1.

[11] Calculation of that 48-hour period is then further specified by section 825 and is, of course, governed by constitutional constraints. (*County of Riverside* v. *McLaughlin, supra,* 500 U.S. 44, 56-59 [111 S.Ct. 1661, 1669-1671]; *Gerstein* v. *Pugh, supra,* 420 U.S. 103, 125 [95 S.Ct. 854, 868-869].)

## DISPOSITION

As we have previously explained, defendant has been released. Therefore, the alternative writ is discharged, having served its purpose, and the petition is denied as moot.

Strankman, P. J., and Stein, J., concurred.