[No. No. B134859. Second Dist., Div. Seven. Apr. 26, 2000.]

JAMES G., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for partial publication. The portions directed to be published are the title page, the two introductory paragraphs, the heading entitled "Factual and Procedural History" including footnote 2, part II of the Discussion, the Disposition, and the Concurring and Dissenting opinion.

## COUNSEL

Michael P. Judge, Public Defender, Albert J. Menaster, Elizabeth Warner-Sterkenburg and Mark G. Harvis, Deputy Public Defenders, for Petitioner.

Lloyd W. Pellman, County Counsel, and Federick R. Bennett, Assistant County Counsel, for Respondent.

No appearance for Real Party in Interest.

## OPINION

**WOOD, J.**—James G. filed a petition for writ of mandate directing the respondent, the Superior Court of Los Angeles County (Superior Court) to vacate its order denying his request for the appointment of a specified expert and to order the appointment of the expert. In the unpublished part I of this opinion,[1] we conclude Superior Court abused its discretion in denying James G.'s request and grant the petition.

_____

[1]This court granted James G.'s request to file his petition under seal because it contains confidential information about his pretrial preparation. For that reason, we file the *unpub-*

The published part II of this opinion addresses: (1) whether Superior Court has standing to defend the validity of its order denying James G.'s request; and (2) the propriety of the county counsel's representation of Superior Court. As set forth below, we find Superior Court has standing to appear and that it may be represented by county counsel.

FACTUAL AND PROCEDURAL HISTORY[2]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

DISCUSSION

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .*

II. *Representation of Superior Court by County Counsel*

A. *Factual and Procedural History.*

On September 3, 1999, James G. filed his petition for a writ of mandate under seal; it contained confidential information concerning his defense as well the proceedings from an in-camera hearing on his ex parte motion for the appointment of a certain expert witness. On September 30, 1999, after preliminary consideration of the petition, this court notified the parties that it "may elect to issue a peremptory writ in the first instance" and ordered Superior Court to serve and file an opposition to the petition.

On October 7, 1999, the People, the real party in interest, notified this court that "the Los Angeles County District Attorney's Office takes no position on whether petitioner's motion for appointment of an expert should be granted and therefore will not file an opposition to the petition." On October 14, 1999, county counsel, on behalf of Superior Court, filed an opposition to the petition. County counsel apprised this court of the possible bar to counsel's representation of Superior Court as presented by *Doe v. Superior Court* (1996) 39 Cal.App.4th 538, 540, footnote 1 [45 Cal.Rptr.2d 888]. County counsel asked this court to reconsider *Doe* and to publish an opinion "indicating that the County Counsel may file opposition on behalf of the Superior Court in these cases notwithstanding *Doe.*"

In the order to show cause, this court directed Superior Court and James G. to address "the issue of superior court representation by the County Counsel" in light of *Doe.*

---

*lished* portions of the opinion under seal and refer to petitioner as James G., avoiding all references to the specific facts of the charged offenses and other facts about the defense in the *published* section of the opinion.

[2]The Factual and Procedural History pertain only to the expert witness issue. Consequently, it is excluded from publication and filed under seal. The facts pertaining to the representation of the Superior Court by county counsel are described in part II of the opinion.

*See footnote, *ante,* page 275.

B. *Analysis*

1. *Superior Court Can Appear in This Writ Proceeding.*

 A threshold issue to the question of the county counsel's legal representation of Superior Court, is whether Superior Court has standing to appear as a party in the appellate court to *defend* the validity of its ruling denying the motion for appointment of the expert. Under these exceptional facts, we conclude Superior Court's appearance in the appellate court is warranted.

Superior Court is a "party" in an original mandate proceeding before this court; Superior Court is named as the "Respondent." As such, proof of service must be served upon it, and it is authorized by statute to file points and authorities in opposition. (See Code Civ. Proc., § 1107.)[3] In addition, Government Code section 27647 assumes Superior Court may appear as a party in an action.[4]

This notwithstanding, as discussed below, California case law provides that a trial court may not *initiate* writ proceedings and may appear to *defend* itself in a writ proceeding only in a limited number of circumstances.

In *Municipal Court v. Superior Court (Gonzalez)* (1993) 5 Cal.4th 1126 [22 Cal.Rptr.2d 504, 857 P.2d 325] (*Gonzalez*), the Supreme Court considered a petition for a writ of mandate brought by the municipal court against the superior court's ruling granting a criminal defendant's habeas corpus petition. In *Gonzalez* the municipal court had a policy of assigning court commissioners to determine whether probable cause existed to detain the defendants arrested without warrants. Gonzalez challenged his detention under this policy, and the superior court granted him habeas corpus relief. Thereafter, the municipal court instituted a writ proceeding.

The *Gonzalez* court held that the lower court lacked standing to *initiate* a writ proceeding. The Supreme Court reasoned: " 'In our common law

---

[3]Code of Civil Procedure section 1107 provides in pertinent part: "When an application is filed for the issuance of any prerogative writ, the application shall be accompanied by proof of service of a copy thereof upon the respondent and the real party in interest named in such application . . . Within five days after service and filing of the application, the real party in interest or *the respondent or both may serve upon the applicant and file with the court points and authorities in opposition to the granting of the writ.*" (Italics added.)

[4]Government Code section 27647, subdivision (a) provides in pertinent part: "If requested so to do by the superior court of the county of the county counsel, or . . . any judge thereof, and insofar as such duties are not in conflict with, and do not interfere with, other duties, the county counsel may represent any such court or judge thereof in all matters and questions of law . . . ."

judicial system we rely upon a separation of roles to bring about the proper results. The courts' role is to decide cases; the parties' role is to bring cases before the courts. If a party is aggrieved by the ruling of [the] lower court, he is provided with an avenue of appeal to a higher tribunal by means of an orderly prescribed procedure . . . . [T]he premise under which the judiciary operates is straightforward: if no individual party finds it worth his or her while to champion the cause and seek judicial review, then review will not occur.' " (5 Cal.4th at p. 1131.)

The premise underlying the Supreme Court's decision is twofold. First, the trial court in a writ proceeding, though a nominal respondent, is nonetheless a neutral party in the underlying controversy between the parties, and as such, has a duty to remain impartial. Second, the real party in interest, not the respondent court, has beneficial interest in the litigation and is the aggrieved party, i.e., the adverse party in whose favor the act complained of has been done. As the aggrieved party, the real party in interest is the party with sufficient interest in the subject matter of the dispute to press its case with vigor.

In many if not most instances, the real party in interest will have sufficient interest in the outcome of the proceeding to oppose the petition, i.e., to defend the actions of the trial court. However, as the court in *Ng v. Superior Court* (1997) 52 Cal.App.4th 1010, 1017-1019 [61 Cal.Rptr.2d 49] recognized, there are a limited number of cases where the real party in interest is not a real adverse party, has suffered no harm, or has no interest in the writ proceeding. For example, where a writ of prohibition is sought to prevent a disqualified judge from hearing a matter, only the court may have a beneficial interest in the matter. (*Id.* at pp. 1019-1020.) Likewise, the *Ng* court, relying on Justice Kennard's concurring and dissenting opinion in *Gonzalez, supra*, 5 Cal.4th at p. 1133, also recognized that lower courts have been allowed to appear in writ proceedings to *defend* their actions, when: (1) the real party in interest did not appear; and (2) "[t]he issue involved directly impacted the operations and procedures of the court or potentially imposed financial obligations which would directly affect the court's operations." (*Ng v. Superior Court, supra*, 52 Cal.App.4th at pp. 1018-1019.)[5]

The *Ng* court further acknowledged that when a court does not prevail in a writ proceeding brought by a litigant assailing the validity of one of the

[5]In *Gonzalez*, Justice Kennard observed: "[W]hen a litigant has challenged the legality of the judicial procedures designed to enhance efficiency and to control costs, a long line of case authority has allowed the affected court to appear as a party to defend the validity of its procedure. To permit this is in the public interest, for when the viewpoint of the affected court is heard on challenges to its procedures, the efficiency of court operations is protected and the

court's procedures, the court has been permitted to seek higher review of the adverse ruling, either by filing a notice of appeal (if the ruling was by the superior court) or by filing a petition for review in the Supreme Court (if the ruling was by the Court of Appeal). (*Ng v. Superior Court, supra,* 52 Cal.App.4th at pp. 1017-1018.)

*Ng* concerned the defendant's petition for writ of mandate, directing the trial court to vacate its order denying Ng's motion to reinstate the public defender as trial counsel. The trial judge appeared in the writ proceeding and filed a return and a declaration explaining the reasons for his decision. The *Ng* court concluded that the superior court did not have standing in the appellate court to defend its ruling because the respondent court failed to demonstrate that the issue in the particular writ proceeding had any direct effect on the court's operating procedures or budget. (52 Cal.App.4th at p. 1019.)

██ James G. urges this court to apply *Ng* and find Superior Court lacks standing to appear in this proceeding. James G. points out that neither of the two exceptions posited by *Ng* operates here. He is correct. This petition does not concern disqualification of the trial judge, nor does it involve issues which impact the operations, procedures or budget of the court. Superior Court asserts the appointment of an expert might impact the court's budget, but made no genuine attempt in the opposition to the petition to justify its actions on the basis of some institutional procedure. No party has ever argued that the issue in the particular writ proceeding had any direct effect on the court's operating procedures or budget.[6]

---

accuracy and fairness of the decisionmaking process is enhanced." (*Gonzalez, supra,* 5 Cal.4th at p. 1133 (conc. & dis. opn. of Kennard, J.).) "[W]hen the significant effect of an issue is on a trial court's procedures rather than on the litigation in which the issue arises, the real party in interest may not even contest an opposing party's petition for writ of mandate or prohibition challenging a trial court's ruling. The respondent court is then the sole party opposing the petition for extraordinary relief." (*Id.* at p. 1138.)

[6]Compare, e.g., *Press-Enterprise Co. v. Superior Court of Cal.* (1984) 464 U.S. 501 [104 S.Ct. 819, 78 L.Ed.2d 629] (magistrate's power to close a preliminary hearing); *Townsend v. Superior Court* (1975) 15 Cal.3d 774 [126 Cal.Rptr. 251, 543 P.2d 619] (court's power to continue case); *Armarwansa v. Superior* Court (1996) 49 Cal.App.4th 1251 [57 Cal.Rptr.2d 249] (legality of flat fee for court-appointed counsel); *European Beverage, Inc. v. Superior Court* (1996) 43 Cal.App.4th 1211 [51 Cal.Rptr.2d 147] (whether same judge should preside over all portions of a bifurcated trial); *Shipp v. Superior Court* (1992) 5 Cal.App.4th 147 [6 Cal.Rptr.2d 685] (status of family law assignment is "all purpose" for purpose of disqualification of judge); *Flores v. Superior Court* (1991) 226 Cal.App.3d 797 [277 Cal.Rptr. 90] (effect of designation of certain courts as "direct calendar courts" on judicial disqualification challenges); *Huffman v. Superior Court* (1990) 219 Cal.App.3d 1480 [269 Cal.Rptr. 12] (court's obligation to provide indigent criminal defendant with trial transcript after hung jury).

This notwithstanding, there is a significant dispositive difference between this case and *Ng*.[7] Here, both James G.'s underlying motion and his petition were filed ex parte, under seal with the contents and arguments kept confidential. Accordingly, the real party in Interest, the People, was not entitled to know of the trial court's ruling or the writ challenging the ruling. In view of the special confidential nature of the case, the real party in interest could not meaningfully oppose the petition. This is not a situation where Superior Court sought to appear in the action simply because the real party in interest chose not to do so. In fact, this court directed Superior Court to appear and without Superior Court's appearance there was no representation of the adverse position, no party to ensure that the record was fully and appropriately presented to this court, no view of the issues and facts except through the partisan perspective of James G.

In addition, there is no aggrieved or adverse party in whose favor the complained of act has been done. Superior Court's denial of James G.'s motion did not benefit the People. A potential harm has, nonetheless, occurred. Superior Court committed an adverse act—an act which no party other than Superior Court, because of the confidential nature of the case, can adequately defend or explain. Thus, here Superior Court's appearance is essential in this case for meaningful appellate review.

James G. argues that Superior Court's participation is unnecessary. He asserts the appellate court can conduct its own review of the confidential information and in camera proceedings and independently determine the law and facts without the participation of the real party in interest or the respondent court. James G. notes the Supreme Court recognized such independent review in *People v. Hobbs* (1994) 7 Cal.4th 948, 973-974 [30 Cal.Rptr.2d 651, 873 P.2d 1246]. In *Hobbs*, the trial court presided over an in camera hearing (without participation of the defendant or defense counsel) concerning sealing a search warrant to protect the identity of a confidential informant. We are not persuaded that the independent review described in *Hobbs* would be effective here. In *Hobbs*, the trial court had the physical evidence—the documents, and witnesses—before it. The trial court could conduct a firsthand examination and assessment of the evidence and question the witnesses. In the context of this writ proceeding, this court examines

---

[7]There is at least one other reported case in which a court was found to lack standing to appear in an appellate writ proceeding to defend itself: *Municipal Court v. County of Placer* (1988) 200 Cal.App.3d 1173 [246 Cal.Rptr. 413]. *Placer* concerned whether the municipal court could seek reimbursement from the county for the cost of retaining outside counsel to represent the court in several writ proceedings. In dicta, the *Placer* court, stated that the municipal court could not retain outside counsel to defend the judicial rulings of the court. (*Id.* at pp. 1178-1179.) *Placer* did not involve confidential issues or in camera, ex parte proceedings.

only the cold record. Therefore, if questions or concerns arise which require more than the defendant's partisan explanation, this court should be able to look to the trial court, only other party present at the ex parte proceeding, for an explanation.

Our decision to allow Superior Court to appear at our behest in this confidential proceeding is also grounded on the public interest. While our system of justice depends on the neutrality and impartiality of the courts, it also depends on the *adverse testing* of facts and legal theories to advance truth and fairness.

Accordingly, under these unique facts, to protect the defendant's confidentiality while advancing the interests of justice and fair process, we conclude the participation by Superior Court is justified.

2. *The County Counsel May Represent Superior Court.*

In *Doe v. Superior Court, supra,* 39 Cal.App.4th 538, 540-541, footnote 1, the court indicated, in pertinent part: "[T]he petition before us was filed under seal and clearly marked 'confidential,' with a notation that neither the prosecutor nor county counsel were to be apprised of [the appellant's] request for an expert. The Superior Court, as the named respondent, was the only party served with a copy of the petition and its exhibits . . . the Court nevertheless turned the matter over to County Counsel (with copies of [the petitioner's] petition and the exhibits) and County Counsel filed a return on the Court's behalf . . . . [W]e note that nothing should have been turned over to County Counsel by the Superior Court (*Corenevsky* v. *Superior Court* (1984) 36 Cal.3d 307, 320, fn. 12 [204 Cal.Rptr. 165, 682 P.2d 360].) The Superior Court could have filed its own return or, if County Counsel's assistance was needed, the Court should have provided County Counsel with a simple statement of the issue, without the facts of the offense charged against [the petitioner], without the declarations about [the petitioner's] personal history, and without names. Since the only points County Counsel makes on the Court's behalf pertain to budgetary problems and other matters of court administration, there was no reason to disclose anything about this particular case." (Italics omitted.)

█ County counsel asserts that this language precludes it from representing Superior Court. This language in *Doe* is correct in part, but has created some confusion which requires clarification.

There is no question that pursuant to Government Code section 27647, county counsel may provide legal representation to Superior Court. In

addition, James G. is entitled to confidentiality in these proceedings. Thus, the crucial issue is how to strike the proper balance between protecting James G.'s confidentiality and affording Superior Court's counsel enough information to provide effective legal representation. *Doe* suggests part of the answer. In situations, such as *Doe,* where the matter at issue does not concern the underlying merits of the case—where the case concerns the court's procedures, budgetary issues or court administration—it is unnecessary for the county counsel to learn any confidential information. As *Doe* suggests, the superior court should not disclose any confidential information about the facts of the case, but should provide county counsel with a basic statement of the issue.

However, the case before us is different. Here the issue involves the underlying facts of the case and reveals defense strategy. Thus, county counsel's effective representation of Superior Court requires the disclosure of confidential information contained in the petition and the exhibits. In this context, access to sealed information is authorized under California Rules of Court, rule 33.5(b)(2).[8] We envision that disclosure of confidential information to county counsel would be more the exception than the rule; it certainly should not be done automatically. Instead, if county counsel seeks the disclosure of documents or information filed under seal, county counsel should file an appropriate motion with this court demonstrating why the information sought is necessary to provide effective representation. Upon such a showing, to maintain the confidentiality of the proceedings and to prevent disclosure of confidential information to the prosecution, this court will issue a protective order. Insofar as *Doe* precludes such a procedure, we decline to follow it.[9]

For the foregoing reasons, we conclude that in cases such as this, the trial court can, with an appropriate protective order to ensure confidentiality, call upon county counsel to represent it.

---

[8]California Rules of Court, rule 33.5, describes the contents of the appellate record for confidential in camera proceedings. The rule provides for the inclusion of: "Written materials submitted to the trial court, all or part of which were determined to be confidential and were withheld from a party. [¶] . . . The reviewing court shall permit examination of these materials by parties to whom the information was accessible in the trial court and their attorneys." (Cal. Rules of Court, rule 33.5(b)(2).) Because the confidential information was accessible to Superior Court, then it must be made accessible to the court's counsel.

[9]Likewise, we disapprove of *Doe*'s suggestion that a superior court can file its own return. Although the court did not attempt to do so here, we do not endorse the practice of the lower courts, nor its individual judges appearing before our court in pro. per. (See *Ng v. Superior Court, supra,* 52 Cal.App.4th 1010, 1021.)

## DISPOSITION

A peremptory writ of mandate shall issue directing the respondent to vacate its order denying petitioner's request for appointment of an expert, and to issue a new order appointing the expert.

Johnson, Acting P. J., concurred.

**NEAL, J.,** Concurring and Dissenting.—I concur in the majority's ruling reversing the trial court's order denying appellant's motion for appointment of an expert witness to assist in petitioner's defense, and ordering the trial court to appoint such an expert.

I dissent, however, from that portion of the majority opinion which concludes that the trial court had standing to appear in this proceeding and argue in support of its ruling.

The trial court is supposed to be the neutral arbiter of the criminal charges against petitioner. By appearing in this court, and advocating affirmance of its ruling denying appellant's motion, the trial court abandoned neutrality and became an advocate or partisan against appellant. This is inappropriate. (*Ng v. Superior Court* (1997) 52 Cal.App.4th 1010, 1016 [61 Cal.Rptr.2d 49] [striking return filed by trial court to petition by criminal defendant seeking to overturn trial court order refusing to reinstate public defender as defense counsel]; Cal. Code Jud. Ethics, canon 3B(9), Advisory Com. Commentary ["[I]n cases such as a writ of mandamus where the judge is a litigant in an official capacity, the judge must not comment publicly."].) If the error is our fault, because we ordered the trial court to file a response, we should acknowledge our error, not compound it, by improperly recognizing standing. (*Ng, supra,* at p. 1020.)

I would find that the trial court had no standing to appear in this court and argue for affirmance of its order.