Opinion
McKAY, J.
Due to the procedural nature of this petition, this court finds the petition meritorious, but no writ of mandate need be issued. The response filed in this case is ordered stricken.
*Supp. 4 Petitioner Artice Simpson (hereinafter petitioner) filed a petition for writ of mandate directing respondent, the Superior Court of Los Angeles County, to vacate its order denying petitioner’s application for waiver of court fees and costs, made pursuant to California Rules of Court, rule 985. By order dated May 11, 2001, the parties were notified that this court may elect to issue the peremptory writ in the first instance in this matter and invited response thereto by real party in interest pursuant to Palma v. U.S. Industrial Fasteners, Inc. (1984) 36 Cal.3d 171, 177-183 [203 Cal.Rptr. 626, 681 P.2d 893],
Thereafter, two unusual events occurred. First, respondent court on its own ordered petitioner be given a refund of her first appearance fee, and respondent court delivered a copy of said order to the Appellate Division of the Superior Court of Los Angeles County. Thereafter, on May 29, 2001, the trial court judge, Judge Brett C. Klein, filed his own response to the petition in the appellate division. As will be explained, post, the response is ordered stricken.
I

The Petition Shall Be Considered Despite Its Mootness

Because petitioner’s appearance fee was refunded and it does not appear that petitioner has incurred or is likely to incur any future costs in this proceeding, the basis for the requested relief has dissolved, and the matter is moot. However, “[i]f an action involves a matter of continuing public interest and the issue is likely to recur, a court may exercise an inherent discretion to resolve that issue, even though an event occurring during its pendency would normally render the matter moot. [Citations.]” (Liberty Mut. Ins. Co. v. Fales (1973) 8 Cal.3d 712, 715-716 [106 Cal.Rptr. 21, 505 P.2d 213]; Dant v. Superior Court (1998) 61 Cal.App.4th 380, 384 [71 Cal.Rptr.2d 546].) Because the correct interpretation and application of the law concerning applications of waivers for court costs is a matter of continuing public interest and is a matter which is likely to recur, especially in residential unlawful detainer actions presented within the jurisdiction of limited civil courts, we choose to exercise our inherent discretion to discuss and resolve this issue despite its apparent mootness in the instant action.
II

It Was Inappropriate for Judge Klein to Respond to the Petition, and Said Response Must Be Stricken

While the superior court is the respondent to the petition, “the role of the respondent court is that of a neutral party.” (Municipal Court v. Superior *Supp. 5 Court (1993) 5 Cal.4th 1126, 1129 [22 Cal.Rptr.2d 504, 857 P.2d 325].) By custom, the real party in interest (rather than the respondent) is expected to respond to the petition.
The real party in interest is not necessarily the opposing party, but need only have an interest that “will be directly affected by writ proceedings.” (Manfredi & Levine v. Superior Court (1998) 66 Cal.App.4th 1128, 1132 [78 Cal.Rptr.2d 494].) However, a judge is generally required to refrain from participating in a writ proceeding, even where the proceedings, such as an order disqualifying the judge, may give the judge an interest in the outcome. (See Curie v. Superior Court (2001) 24 Cal.4th 1057, 1059 [103 Cal.Rptr.2d 751, 16 P.3d 166] [a judge may not file a writ petition challenging the order disqualifying him from presiding over the case].)
In certain cases, the respondent court may have a beneficial interest in the writ proceedings and be allowed to appear and oppose the petition. This is allowed “when: (1) the real party in interest did not appear; and (2) ‘[t]he issue involved directly impacted the operations and procedures of the court or potentially imposed financial obligations which would directly affect the court’s operations.’ ” (James G. v. Superior Court (2000) 80 Cal.App.4th 275, 280 [95 Cal.Rptr.2d 135], citing Ng v. Superior Court (1997) 52 Cal.App.4th 1010, 1018-1019 [61 Cal.Rptr.2d 49].) Even in those cases, however, it is not the judge, but county counsel, as the legal representative of the superior court of the county, who files any response. (Gov. Code, § 27647; James G., supra, 80 Cal.App.4th at pp. 278-280.) Because there was no basis for Judge Klein to file a response to the petition in this matter, said response is hereby stricken.
m

The Trial Court Erred in Denying the Application for a Waiver of Court Fees, and the Trial Court Erred in Failing to Hold a Hearing as Required by California Rules of Court, Rule 985 Before Denying the Application

California Rules of Court, rule 985 enacts the provisions of Government Code section 68511.3 and allows a party to file an application to proceed in forma pauperis. Petitioner completed the application for waiver of court fees under penalty of perjury. In response to question No. 4, petitioner stated she was receiving financial assistance under the Supplemental Security Income (SSI) program. Question Nos. 3a and 3b asked for the applicant’s and spouse’s occupation and employer. Petitioner wrote “SSI” as her occupation and “unemployed” as her spouse’s occupation. The next day, the trial court denied the application, for the reason that petitioner’s “usual *Supp. 6 occupation [was] not stated in Item 3(a) and 3(b).” The trial court did not order any hearing to be held.
The court’s denial of the application goes against the mandate of Government Code section 68511.3, which requires the courts to grant applications for waiver of court fees and costs when the applicant is receiving benefits pursuant to the SSI program. (Gov. Code, § 68511.3, subd. (a)(6)(A).) Here, the application clearly stated petitioner was receiving such benefits. Her answers to question Nos. 3a and 3b were satisfactory and do not constitute a valid basis for denying the application, because petitioner’s answer to question No. 4 provides an indisputable basis for granting the application. We note that because this was an unlawful detainer action, the court was not even allowed under the Government Code to request additional documentation, such as a Social Security number or other proof of receipt of the benefits before granting the application. (Gov. Code, §68511.3, subd. (b)(1).)
However, if the court had some doubt as to the legitimacy of petitioner’s answers or otherwise felt there was “substantial evidentiary conflict concerning the applicant’s eligibility for in forma pauperis status,” the court was required to promptly give the applicant notice of a hearing. (Cal. Rules of Court, rule 985(f).) The application in the instant case stated petitioner was receiving SSI benefits. If the court felt that her answers as to her and her spouse’s occupation were in conflict with her other statements, the court should have promptly noticed a hearing on the issue, as required by rule 985. The court’s failure to do this resulted in further error.
Disposition
Because there is no longer any relief needed which would require the issuance of a peremptory writ, no writ shall issue.
Kriegler, Acting P. J., and Lee, J., concurred.