[No. B065394. Second Dist., Div. Six. Mar. 11, 1993.]

BRIAN PAUL RUSH, Plaintiff and Respondent, v.
DIETER WEINZETTL et al., Defendants;
HENRY W. BOCKMAN, Real Party in Interest and Appellant.

**COUNSEL**

Henry W. Bockman, in pro. per., for Real Party in Interest and Appellant.

No appearance for Plaintiff and Respondent.

No appearance for Defendants.

**OPINION**

**GILBERT, J.**—An attorney who is not of record files a motion on behalf of a party in an action. Does the trial court have jurisdiction to impose sanctions against such an attorney? Yes, because he represents a party even though he is not attorney of record.

Attorney Henry W. Bockman appeals an order imposing $500 sanctions against him under Code of Civil Procedure section 128.5.[1] Here, the trial court had jurisdiction to impose sanctions, but we do not decide the merits of the appeal. Instead, we dismiss the appeal because section 904.1, subdivision (k) does not permit interim appellate review of monetary sanctions less than $750 imposed against a party or his attorney.

## FACTS

Plaintiff Brian Rush suffered personal injuries in an automobile collision in Thousand Oaks on February 1, 1990. On October 12, 1990, his mother, as guardian ad litem, brought an action for negligence against defendant Dieter Weinzettl. Attorney George N. Nicoletti represented the Rushes.

Nearly eight months later, the Rushes dismissed Nicoletti as their attorney. Mrs. Rush signed a substitution of attorney form and became a plaintiff in propria persona.

By a written agreement, Mrs. Rush employed Attorney Henry W. Bockman to represent her and her son. Neither Mrs. Rush nor Bockman executed a written substitution of attorney for the court.

Shortly thereafter, Bockman filed a motion with the court seeking to file an amended complaint and an order declaring Attorney Nicoletti was not entitled to a lien upon the Rushes' recovery. Bockman also sought court approval of his representation of the Rushes and his fee agreement with them. He appeared at a court hearing to argue these motions. Nicoletti retained an attorney to represent him and resisted Bockman's motion, insisting he was entitled to some recompense.

The trial judge denied Bockman's motion, without prejudice, because Bockman had not yet become counsel of record. The judge stated: "[Y]ou cannot file any document in this action purporting to represent anyone since you have no standing to do so." Upon request of Nicoletti, the trial judge then imposed sanctions of $500 against Bockman pursuant to section 128.5. Bockman appeals this order.

## DISCUSSION

### I.

Bockman contends the trial court lacks jurisdiction under section 128.5 to impose sanctions against a nonparty or an attorney who is not

[1]All statutory references are to the California Code of Civil Procedure.

representing any party to the action. He relies upon *Rabbitt* v. *Vincente* (1987) 195 Cal.App.3d 170, 174 [240 Cal.Rptr. 524], where the trial court improperly imposed monetary sanctions under section 128.5 against the former attorney of a former party who had settled her action. We disagree with Bockman that section 128.5 sanctions do not apply to him.

Section 128.5 limits an order imposing sanctions to "a party, the party's attorney, or both." Here attorney Bockman drafted motions on behalf of the Rushes to file a first amended complaint and to preclude the lien of the Rushes' former attorney upon any recovery. Bockman's moving papers included his retainer agreement with the Rushes, executed on August 3, 1991, by Mrs. Rush and her son. Bockman appeared at the hearing on these motions and argued them. It thus appears he had actual authority to represent the Rushes and was indeed retained by them. (*Baker* v. *Boxx* (1991) 226 Cal.App.3d 1303, 1308-1312 [227 Cal.Rptr. 409].) As such, the trial court could impose sanctions against him under section 128.5 as an attorney for a party, despite his failure to file a written, formal substitution of attorney with the court.

II.

Jurisdiction of the trial court aside, section 904.1, subdivision (k) does not permit Bockman's appeal. That section limits interim appeal of monetary sanctions against a party or his attorney to amounts exceeding $750. Bockman could have sought review by petition for extraordinary writ, but he did not.

Accordingly, the appeal is dismissed.

Stone (S. J.), P. J., and Yegan, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 26, 1993.