Filed 1/6/16  Perreault v. Lebowski CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| KATERINA F. PERREAULT et al., | B261082 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. LC100377) |
| v. | |
| LAWRENCE M. LEBOWSKY, as Special Administrator, etc., et al., | |
| Defendants and Respondents. | |

APPEAL from orders of the Superior Court of Los Angeles County. Virginia Keeny, Judge.  Affirmed.

Katerina F. Perreault, in pro. per., and for Plaintiff and Appellant.

Jankielewicz & Sons, Inc., Lenny Janner; Lauren Longeretta for Defendants and Respondents.

_____

Katerina Perreault, an attorney acting in propria persona, has appealed trial court orders (1) denying her motion to disqualify opposing counsel and (2) imposing sanctions of $1,350 on Ms. Perreault.  We affirm and impose sanctions for a frivolous appeal.

### Review of the Trial Court's Orders

An order denying a motion to disqualify counsel is appealable and is reviewed for an abuse of discretion.  (*Roush v. Seagate Technology, LLC* (2007) 150 Cal.App.4th 210, 218; *People ex re. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1143.)  "[D]isqualification is a drastic course of action that should not be taken simply out of hypersensitivity to ethical nuances or the appearance of impropriety." (*Roush*, at p. 219; *Sheller v. Superior Court* (2008) 158 Cal.App.4th 1697, 1711.)  An attorney cannot be disqualified for a dereliction that has no continuing effect on the judicial proceedings.  (*Sheller*, at p. 1711.)

Ms. Perreault's appeal fails because she did not provide this Court with an adequate record to determine whether the trial court abused its discretion.  The trial court was presented with a motion and, presumably, opposition to the motion.  Neither of these documents is contained in appellant's appendix.

The deficient appendix lacks any admissible or comprehensible evidence showing that opposing counsel Lenny Janner "forged" a restraining order.[1]  The appendix is comprised of disjointed bits and pieces.  There are multiple copies of the criminal restraining order against Ms. Perreault; a copy of a civil lawsuit brought by appellant; an attorney bill; and several proofs of service and declarations that are unattached to any motion or opposition papers.  Coupled with the deficient appendix is appellant's repetitive and incoherent brief.

---

[1]     Ms. Perreault does not dispute that she is the subject of a criminal restraining order issued in 2012, following her conviction for domestic violence against her former husband, Andre Perreault.  The opening brief indicates that there is also a 2014 civil restraining order against Ms. Perreault.  Andre Perreault died while this appeal was pending.

The only proper items before this Court are the trial court's minute order denying appellant's motion to disqualify and the reporter's transcript of the hearing on the motion. The trial court found "no evidence" to support disqualification and characterized the motion as "an effort to make Mr. Perreault needlessly spend his resources and energy and to divert the court and the petitioner's resources from the real issues before the court."

An appellant has the responsibility to present a complete record on appeal to affirmatively show an error occurred. Absent a proper record containing all evidence necessary for appellate review, we must presume that the trial court's ruling is fully supported by the evidence before it, and the appeal must be resolved against appellant. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141; *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502 [an appendix that does not contain the motion or opposition being appealed is inadequate for review].) We fail to see how a restraining order that was supposedly altered to include the family dogs and a stay-away requirement has any continuing effect on judicial proceedings.

Appellant purports to challenge the trial court's imposition of $1,350 in sanctions for bad faith actions or tactics that are frivolous or solely intended to cause unnecessary delay. (Code Civ. Proc., § 128.5.) An interlocutory sanctions order imposing less than $5,000 in sanctions on a party or an attorney for a party (Ms. Perreault is both) is not appealable, though it was reviewable by a petition for an extraordinary writ, which was not taken. (Code Civ. Proc., § 904.1, subds. (a)(12), (b); *Rush v. Weinzettl* (1993) 14 Cal.App.4th 66, 69.)

Even if we treat this as an attempted writ petition, we uphold the trial court's sanctions. In the trial court, Ms. Perreault provided "no evidence" to support disqualification, just as she has provided this Court with no admissible evidence of any link between Attorney Janner and any claimed alterations to the restraining order. A motion to disqualify made without any supporting evidence of wrongdoing or ethical conflict is frivolous on its face. Further, appellant's entire argument with respect to sanctions is contained in one sentence on page 39 of the opening brief, which states that the sanctions award "is not justified" without any citation to legal authority or the record

3

on appeal. Our review "'''is limited to issues [that] have been adequately raised and supported in plaintiffs' brief. . . .'''" An appellate court 'will not develop the appellants' arguments for them . . . .'" (*Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, 1282.)

## Sanctions on Appeal

Mr. Janner asks this Court to impose sanctions for a frivolous appeal. Ms. Perreault challenges Mr. Janner's ability to request sanctions following the death of his client, Mr. Perreault. Regardless of Mr. Janner's standing, this Court is authorized to impose sanctions on its own motion. (Cal. Rules of Court, rule 8.276(a).)

"When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." (Code Civ. Proc., § 907.) The standard is (1) whether, focusing on the subjective good faith of appellant and his counsel, the appeal was prosecuted for an improper motive, i.e., to harass the respondent or to delay the case, or (2) whether, objectively viewed, the appeal indisputably has no merit, so that any reasonable attorney would agree that it is totally and completely without merit. (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 649-650.)

We have no difficulty concluding that this appeal is totally and completely without merit. The trial court found *no evidence* in appellant's motion to support disqualification. On appeal, Ms. Perreault has doubled down on a bad bet by failing to present this Court with either the motion to disqualify or the opposition to it, thereby insuring that there would be *no evidence* on which to even review the trial court's ruling.[2] Apart from submitting an inadequate appendix to this Court, Ms. Perreault's brief is incoherent, replete with vindictiveness rather than legal reasoning.

---

[2] Before oral argument, this Court advised Ms. Perreault that it was contemplating sanctions. Ms. Perreault submitted written opposition in which she belatedly attempted to produce an appellate record, long after the appeal was fully briefed, which is unacceptable. All of the exhibits attached to appellant's opposition to sanctions, filed on December 28, 2015, are ordered to be stricken from the record.

4

Focusing on appellant's bad faith, we conclude that this appeal was prosecuted for an improper motive. We observe that Ms. Perreault has a history of tormenting her former husband, the now-deceased Andre Perreault, to the point of physically assaulting him, resulting in her criminal conviction for domestic violence. Though Ms. Perreault was prevented from physically attacking decedent as a result of restraining and protective orders, we may infer that her baseless attack on decedent's counsel, Mr. Janner, was intended to harass decedent, even as he was dying of cancer, and to force decedent to needlessly expend his energy and financial resources to fend off Ms. Perreault.

To give a concrete example of appellant's bizarre conduct, this Court notified the parties on August 28, 2015, that a successor-in-interest had to substitute into the case because Andre Perreault died while the appeal was pending. A few days later, Attorney Janner asked for a brief continuance because the matter was pending in the probate department, which appointed a special administrator on September 22, 2015. Ms. Perreault filed meritless opposition to the request for a continuance, submitting to this Court an incomprehensible document weighing nearly one and one-half pounds and containing e-mails, bank statements, her marital dissolution judgment and other items that are entirely irrelevant to the appointment of a special administrator to represent decedent's interests. Further, Ms. Perreault petitioned to have herself appointed as the administrator of decedent's estate while she had multiple lawsuits pending against decedent, an obvious conflict of interest.

Ms. Perreault's conduct falls far short of the professionalism expected of a lawyer. She has lost sight of her responsibilities as an officer of the court while waging a vendetta against her former husband and his family, wasting judicial resources in the process. On its own motion, the Court imposes sanctions of $5,000 against Ms. Perreault to discourage like conduct in the future. (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 33-34.)

# **DISPOSITION**

The trial court's order denying appellants' motion to disqualify opposing counsel is affirmed.  For bringing a frivolous appeal, appellant Katerina Perreault is ordered to pay $5,000 to Andre Perreault's attorney, Lenny Janner.  Sanctions shall be paid no later than 15 days after the remittitur is issued by the clerk of this Court.  Katerina F. Perreault (SBN 237458) and the clerk of this Court are each ordered to forward a copy of this opinion to the State Bar upon issuance of the remittitur.  (Bus. & Prof. Code, §§ 6068, subd. (o)(3), 6086.7, subds. (a)(3), (c).)

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


BOREN, P.J.

We concur:


ASHMANN-GERST, J.


HOFFSTADT, J.