Filed 9/30/20  Banda v. Wash CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARIA S. BANDA,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOHN WASH,<br><br>    Defendant and Appellant. | F077727<br><br>(Super. Ct. No. 13CECG03846 )<br><br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Rosemary T. McGuire, Judge.

John Wash, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

California's Enforcement of Judgments Law establishes several procedures to assist judgment creditors in collecting money judgments.[1]  For instance, a creditor may

---

*        Before Franson, Acting P.J., Smith, J. and De Santos, J.

[1]        The Enforcement of Judgments Law (EJL) is codified at Code of Civil Procedures sections 680.010 through 724.260.  Undesignated statutory references are to the Code of Civil Procedure.

apply for an order requiring the judgment debtor to appear before the court or a referee for an examination "to furnish information to aid in enforcement of the money judgment." (§ 708.110, subd. (a).) When applying for an examination order, the judgment creditor must pay a $60 filing fee. (Gov. Code, § 70617, subd. (a)(6).) The filing fee is among the postjudgment costs that may be recovered under the EJL if it is a reasonable and necessary cost of enforcing the judgment.

In this case, the judgment creditor filed a memorandum of costs after judgment claiming the $60 fee paid to file an application for an examination order. The judgment debtor challenged this claim by filing a motion to tax costs. He argued the statutory conditions for recovery of the filing fee were not satisfied because the judge conducting the examination proceeding did not approve the reasonableness or necessity of the filing fee. In response, the judgment creditor argued the statute does not require a judge's approval of the filing fee because the filing fee is mandatory and the amount is set by statute. The parties' conflicting statutory interpretations presented a question of law not resolved in a published opinion. The trial court answered this novel question by concluding the filing fee could be recovered using a memorandum of costs after judgment without the approval of the judge conducting the judgment debtor examination. Based on this interpretation, the court denied the motion to tax costs. The judgment debtor appealed.

Section 685.070 allows judgment creditors to use a memorandum of costs to claim certain costs of enforcing a judgment, provided that the memorandum of costs is filed before the judgment is fully satisfied. (§ 685.070, subd. (b).) Under subdivision (a)(5) of section 685.070, the judgment creditor may claim "[c]osts incurred in connection with any [judgment debtor examination] that have been approved as to amount, reasonableness, and necessity by the judge or referee conducting the proceeding." (§ 685.070, subd. (a)(5).)

2.

We give the words in subdivision (a)(5) of section 685.070 their plain meaning and conclude the filing fee qualifies as a cost and, as such, the fee must be approved by the judge or referee conducting the examination proceeding before the fee can be claimed in a memorandum of costs. This literal interpretation is appropriate because not all judgment debtor examinations are reasonable or necessary. Where the examination itself is unnecessary or unreasonable, so is the filing fee. Because the judge conducting the examination proceeding did not approve the proceeding itself or the filing fee as reasonable and necessary, the fee could not be recovered using a memorandum of costs.

We therefore reverse the order denying the motion to tax costs.

## FACTS AND PROCEEDINGS

In December 2013, plaintiff Maria Banda filed a request for civil harassment restraining order against defendant John Wash. (§ 527.6.) Maria's deceased husband was John's brother. Maria and John live in separate houses on approximately 100 acres of agricultural land. In March 2014, the trial court issued a three-year restraining order against John and ordered him to pay Maria's attorney fees and costs in the total sum of $16,814. In February 2016, this court affirmed the restraining order and the award of attorney fees and costs. (*Maria Banda v. John Wash* (Feb. 3, 2016, F069417) [nonpub. opn.].)

On June 21, 2017, Maria filed an application for order for appearance and examination that requested an order directing John to appear personally before the court to furnish information to aid the enforcement of the money judgment against him. The trial court granted the application and ordered John to appear for examination.

In August 2017, the examination of John was held before Judge Mark E. Cullers of the Fresno Superior Court. The minute order from the proceeding stated John's request for a continuance was denied, John was sworn, and the examination proceeded. The minute order did not include any findings or order addressing the reasonableness or necessity of the proceedings.

3.

*Memorandum of Costs*

In February 2018, Maria filed a memorandum of costs after judgment using mandatory Judicial Council Form MC-012 (rev. Jan. 1, 2018) claiming postjudgment costs of $60.00 on item 1.a.(6) of the form. That item refers to "[a]pproved fee on application for order for appearance of judgment debtor, or other approved costs under Code Civ. Proc., § 708.110 et seq." The completed form stated the $60.00 fee was incurred on June 21, 2017. In item 2 of the form, which addresses credits to interest and principal, Maria's attorney asserted no payments had been made and the amount of judgment principal remaining due was $16,814.00. Item 3 of the form addresses accrued interest remaining due. In that item, Maria's attorney claimed $5,994.60 had accrued and remained due.[2]

*Motion to Strike*

John filed a motion to strike or tax Maria's memorandum of costs and interest. In addition, John's motion sought an order stating the $16,814 award of attorney fees and costs to Maria had been satisfied either (1) on March 20, 2014, due to Maria's sole possession, custody, control and use of his personal property, including the share of the Wash & Wash General Partnership income due to him under a 2010 settlement

---

**2**    On February 16, 2018, Maria obtained a writ of execution from the trial court on optional Judicial Council Form EJ-130 (rev. Jan. 1, 2018). The writ of execution identified the judgment debtor as "JOHN WASH dba MISSOURI HILL FARMS" and listed the amounts owed as the $16,814.00 judgment, the $60.00 costs after judgment, accrued interest of $5,994.60, and the $25.00 fee for issuance of the writ, which totaled $22,893.60. The writ of execution advised the levying officer that interest of $4.61 accrued daily.

In March 2018, John filed a motion for order to quash or recall the writ of execution issued February 16, 2018. This motion also asserted the judgment has been satisfied and the writ of execution included unauthorized costs and interest.

John's opening brief states the trial court's "refusal to consider his motion to quash [the] writ of execution is moot due to its expiration on February 16, 2020." Accordingly, issues involving the motion to quash are not addressed in this opinion.

4.

agreement or (2) "in late October to early November of 2017 and continuing through January 2018, when [Maria] ordered the harvest of [his] mandarin citrus crop and/or took possession of his citrus crop located on the co-owned property … and then sold [his] citrus crop without his permission .…" John cited section 685.030, subdivision (c) as support for the requested order. In addition, John argued his "noticed motion is statutorily authorized and based on [EJL,] … CCP §§685.010–685.11[0] and CCP §685.030 (b)(c)(d)(1)(3)."

In April 2018, Maria filed an opposition to John's motion to strike or tax the memorandum of costs and his motion for an order of satisfaction of judgment. Maria argued that because the fee for filing an application for an order of examination was mandatory, "there is no need for the Court to approve the amount as being reasonable." She restated this point by asserting: "The only cost claimed is the $60.00 filing fee which is reasonable and necessary." Maria argued section 685.070, subdivision (a)(5) should be interpreted to apply to other costs associated with a judgment debtor examination, such as the fees of court reporters and process servers.

Maria opposed John's request for an order stating the judgment had been satisfied by arguing the offsets claimed for partnership proceeds, partnership equipment and his citrus crop were not substantiated by any valid evidence. In a supporting declaration, her attorney stated: "At the time the memorandum of cost[s] and declaration of interest was filed I had no information or belief of any payments or credits to be applied to the judgment." Besides the lack of evidence, Maria also argued John had not properly presented the offset claims.

In his reply, John argued Maria's opposition papers failed to address all the issues raised in his motion. John noted Maria did not present her own declaration contradicting his statements of fact about Maria being in possession of partnership money that belonged to him. John also noted it was undisputed that Judge Cullers had made no

5.

award of the $60 filing fee for the judgment debtor examination or any other enforcement orders.

*Trial Court Hearing*

On April 24, 2018, the trial court held a hearing on John's motion to tax costs. John argued the judgment debtor examination was unnecessary because Maria and her attorney "have full knowledge that they already have my assets in their possession and control." John asserted that Maria owed him over $200,000 under a settlement agreement entered in another lawsuit and Maria, with her attorney's approval, came "into my crops this year and stole almost $40,000 worth of fruit." The court responded by stating: "Mr. Wash, that is not the subject of the hearing; that's not why we are here, so we are not going to go into it." The court also stated that "we are here for a $60 fee that was a required fee that [Maria's attorney] had to pay on behalf of his client to have a debtor's examination under order of an examination." After listening to Maria's attorney and John describe the examination, the court restated its view that the one reason for the hearing was to address the $60 filing fee claimed in the memorandum of costs and challenged by John's motion to tax costs.

John asked: "What about my motion to quash the $16,000 something[?]" The trial court stated it was "not properly before the Court." When asked why, the court said: "Because this is a motion to tax cost[s]." The court noted the judgment had been entered, appealed, and affirmed on appeal and then stated: "I am not going to address it anymore." John said: "But they have all my assets in their control and possession." The court replied: "Well, that's not what is the subject of today's hearing. So I am going to grant the memorandum of cost[s] in the amount of $60 which will be added to the existing judgment."

The subsequent minute order stated the motion to tax costs was denied. It also stated the "$60.00 fee for order of examination is an allowable cost." John filed a timely notice of appeal.

6.

## DISCUSSION

I.   COSTS OF ENFORCING A JUDGMENT

    A.    <u>Statutory Provisions</u>

In 1982, the Legislature enacted the EJL based on recommendations of the California Law Revision Commission.  (Stats. 1982, ch. 1364, §§ 1–2.6, pp. 5070–5236; see Tentative Recommendation Proposing the Enforcement of Judgments Law (Oct. 1980) 15 Cal. Law Revision Com. Rep. (1980) pp. 2001–2686; Recommendation on 1982 Creditors' Remedies Legislation (Sept. 1982) 16 Cal. Law Revision Com. Rep. (1982) pp. 1000–1602.)  The EJL repealed the previous statutory scheme relating to the enforcement of judgments in civil actions and enacted "a new comprehensive statute governing the enforcement of judgments."  (Legis. Counsel's Dig., Assem. Bill No. 707 (1981-1982 Reg. Sess.) 6 Stats. 1982, Summary Dig., p. 490.)  Of significance in this appeal are the EJL's provisions relating to "COSTS OF ENFORCEMENT OF JUDGMENTS.  This bill would reorganize the existing provisions and, in addition, would enable a judgment creditor to collect interest on costs that have been incurred and added to the judgment by memorandum or motion."  (*Ibid.*)

A "judgment creditor is entitled to the reasonable and necessary cost of enforcing a judgment."  (§ 685.040.)  Unless specifically authorized by law, attorney fees incurred in collecting a judgment are not included in the costs recoverable under the EJL. (§ 685.040.)  The EJL specifies two procedures for claiming enforcement costs—filing a memorandum of costs (§ 685.070) or filing a noticed motion for court order allowing costs (§ 685.080).  (See Ahart, Cal. Practice Guide: Enforcing Judgments and Debts (The Rutter Group 2020) ¶¶ 6:48 & 6:52, pp. 6A-24 & 6A-26 (*Ahart on Enforcing Judgments*); *Highland Springs Conference & Training Center v. City of Banning* (2019) 42 Cal.App.5th 416, 424 ["two alternative means of claiming postjudgment costs"].)

In this appeal, Maria used a memorandum of costs after judgment[3] to claim the $60 filing fee.  A "judgment creditor claiming costs under this section shall file a memorandum of costs" before the judgment is fully satisfied but less than two years after the costs were incurred.  (§ 685.070, subd. (b).)  The expenditures that may be claimed using a memorandum of costs after judgment include the "[c]osts incurred in connection with any proceeding under Chapter 6 (commencing with Section 708.010) of Division 2 that have been approved as to amount, reasonableness, and necessity *by the judge or referee conducting the proceeding.*"  (Italics added.) (§ 685.070, subd. (a)(5).)  "Chapter 6 … of Division 2" authorizes a variety of enforcement proceedings, including written interrogatories to the judgment debtor, judgment debtor examinations, assignment orders, and the appointment of receivers.  (See §§ 708.020 [written interrogatories], 708.110 [order for examination], 708.510 [order assigning right to payment], 708.620 [appointment of "receiver to enforce the judgment"].)

The alternate procedure for a judgment creditor to claim costs authorized by section 685.040—that is, "the reasonable and necessary costs of enforcing a judgment"— is a noticed motion.  (§ 685.080, subd. (a).)   The noticed motion is subject to the same time constraints as the memorandum of costs.  (§ 685.080, subd. (a).)  However, the costs claimed by noticed motion extend beyond those claimed in a memorandum of costs.  Subdivision (a) of section 685.080 provides that "costs claimed under this section may include, but are not limited to, costs that may be claimed under Section 685.070 *and costs incurred but not approved by the court or referee in a proceeding under Chapter 6 (commencing with Section 708.010) of Division 2.*"  (Italics added.)  When a trial court is presented with a noticed motion, it "shall make an order allowing or disallowing the costs to the extent justified under the circumstances of the case."  (§ 685.080, subd. (c).)

---

[3]    The full name of mandatory Judicial Council Form MC-012 (rev. Sept. 1, 2018) is "MEMORANDUM OF COSTS AFTER JUDGMENT, ACKNOWLEDGEMENT OF CREDIT, AND DECLARATION OF ACCRUED INTEREST."

B.     Interpretation of Approval Requirement

The question of statutory interpretation presented is whether the $60 filing fee charged to file an application for a judgment debtor examination must be "approved as to amount, reasonableness, and necessity by the judge or referee conducting the proceeding" before it is eligible to be claimed using a memorandum of costs after judgment. (§ 685.070, subd. (a)(5).)  Issues of statutory construction are questions of law subject to independent review on appeal.  (*County of Kern v. T.C.E.F., Inc.* (2016) 246 Cal.App.4th 301, 316.)

When conducting an analysis of the meaning of a statute's language, the threshold legal question is whether that language is ambiguous—that is, reasonably susceptible to more than one interpretation.  (*Merced Irrigation Dist. v. Superior Court* (2017) 7 Cal.App.5th 916, 926.)  The question is not whether the text is ambiguous in the abstract, but whether it is ambiguous in its application to the facts of the case.  (*Verdugo v. Target Corp.* (2014) 59 Cal.4th 312 [generally, courts resolve questions of statutory construction presented on the factual record and did not address abstract questions of meaning].)

First, we consider whether the $60 filing fee charged pursuant to Government Code section 70617, subdivision (a)(6) qualifies as a "cost."  We conclude the filing fee qualifies as a cost.  (See *Doe v. Los Angeles County Dept. of Children & Family Services* (2019) 37 Cal.App.5th 675, 693–694 [filing fees are recoverable as costs].)  Therefore, the term "costs" is not ambiguous in this context—it plainly includes the filing fee.

Second, we consider whether the filing fee was "incurred in connection with any proceeding under Chapter 6 (commencing with Section 708.010) of Division 2." (§ 685.070, subd. (a)(5).)  The examination of a judgment debtor clearly qualifies as a "proceeding under Chapter 6 … of Division 2" because examination proceedings are addressed by sections 708.110 through 708.205 and those sections are part of "Chapter 6 … of Division 2."  (§ 685.070, subd. (a)(5).)  Also, the filing fee was incurred "in connection with" the examination proceeding because (1) filing the application for an

9.

examination order is the formal step that initiates the proceeding and (2) the application cannot be filed without paying the fee.

Third, the phrase "that have been approved as to amount, reasonableness, and necessity by the judge or referee conducting the proceeding" is not ambiguous when applied to the filing fee for an application for an examination order. (§ 685.070, subd. (a)(5).) The phrase unequivocally imposes a requirement or condition that must be met before the judgment creditor may claim a particular cost.

Accordingly, we resolve the threshold question of ambiguity by concluding the statutory text of section 685.070, subdivision (a)(5) has a plain meaning and is not ambiguous. To recover the filing fee for an application for judgment debtor examination using a memorandum of costs after judgment, the fee must be approved as to reasonableness and necessity by the judge or referee conducting the proceeding.[4] The amount of the fee is established by statute and, therefore, the reasonableness and necessity *of the amount* is established by operation of law. However, whether it was reasonable and necessary to pursue the judgment debtor examination cannot be resolved by referring to a statute. Instead, it is a question the judge or referee conducting the judgment debtor examination must determine based on the circumstances of the case.

We recognize that courts do not invariably adopt a statute's literal (i.e., plain) meaning. (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.) Rather, courts consider whether the literal meaning of the statute comports with its purpose and is consistent with

---

**4**     The interpretation requiring a judge's or referee's approval is consistent with the wording of mandatory Judicial Council Form MC-012 (rev. Jan. 1, 2018), which used the modifier "Approved" to describe the "fee on application for order for appearance of judgment debtor" claimed under item 1.a.(6). While noteworthy, the Judicial Council's interpretation of a statute, as reflected in a mandatory form, is not binding on the courts. (*In re M.B.* (2011) 201 Cal.App.4th 1057, 1063 [statutory interpretation in Judicial Council form was not binding, but was persuasive]; see *Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1011 [Judicial Council's interpretation, reflected in the Rules of Court, is not binding].)

other provisions of the statutory scheme.  (*Ibid*.)  Also, courts will not adopt a literal interpretation that leads to absurd results.  (*Amador Valley Joint Union High Sch. Dist. v. State Bd. of Equalization* (1978) 22 Cal.3d 208, 245; see *Provigo Corp. v. Alcoholic Beverage Control Appeals Bd.* (1994) 7 Cal.4th 561, 567 [plain meaning of constitutional provision rejected to avoid absurdity].)

In this case, the plain meaning of the statutory text advances, rather than defeats, the purpose of the EJL.  In contrast, interpreting the statute to mean the filing fee for an application for a judgment debtor examination always is a reasonable and necessary cost would produce results that directly contradict the purpose of the EJL.  Specifically, in certain circumstances, it will not be reasonable or necessary for a judgment creditor to pursue a judgment debtor examination.  Allowing the recovery of fees connected to a proceeding that is unreasonable and unnecessary is contrary to the basic principle limiting the judgment creditor's recovery "to the reasonable and necessary costs of enforcing a judgment."  (§ 685.040.)

Here, Judge Cullers did not approve the filing fee or the judgment debtor examination as reasonable and necessary.  Therefore, the filing fee cannot be recovered under subdivision (a)(5) of section 685.070 using a memorandum of costs.  Consequently, the trial court erred in denying John's motion to strike or tax the memorandum of costs in which Maria claimed the $60 filing fee.[5]

## II.  SATISFACTION OF JUDGMENT

John also contends the trial court erred in denying his motion "for an order of satisfaction of judgment in part or in full under CCP §§724.010–724.050."  Subdivision (a) of section 724.050 provides:

---

[5]    A second ground for reversal is the trial court's failure to address and resolve John's argument that the judgment had been satisfied.  Pursuant to subdivision (b) of section 685.070, recovery of costs is barred if the memorandum of costs is not filed "[b]efore the judgment is fully satisfied."

"If a money judgment has been satisfied, the judgment debtor … may serve personally or by mail on the judgment creditor a demand in writing that the judgment creditor do one or both of the following:

(1) File an acknowledgement of satisfaction of judgment with the court.

(2) Execute, acknowledge, and deliver an acknowledgement of satisfaction of judgment to the [judgment debtor]."

If the judgment creditor does not comply with the written demand within the time specified by statute, the judgment debtor "may apply to the court on a notice motion for an order requiring the judgment creditor to comply with the demand." (§ 724.050, subd. (d).)

The two-step statutory procedure of sending a demand for acknowledgement of satisfaction followed by filing a noticed motion was discussed in *Horath v. Hess* (2014) 225 Cal.App.4th 456. "[S]ection 724.050 provides the sole statutory procedure to require a judgment creditor to file an acknowledgement of satisfaction of judgment or, if he or she refuses, to obtain a satisfaction of judgment entered by the court clerk. (*Quintana v. Gibson* (2003) 113 Cal.App.4th 89, 91 ['[T]he noticed motion procedure set forth in … section 724.050 is the exclusive method for obtaining an order for entry of satisfaction of judgment….'].)" (*Id.* at p. 466; see *Ahart on Enforcing Judgments*, *supra*, ¶ 6:1890.5, p. 6K-6.)

The appellate record in this case does not include a copy of a written demand served by John on Maria.[6] Without any written demand, much less a demand including the mandatory statement set forth in subdivision (b) of section 724.050, John has failed to demonstrate that he complied with the exclusive statutory procedure set forth in section 724.050. Without a written demand in the appellate record, this court is required by the

---

[6] It is a fundamental principle of appellate procedure that "the burden is on appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) When an appellant fails to provide an adequate record on an issue, the issue is resolved against the appellant. (*Ibid.*)

applicable principle of appellate procedure to conclude the trial court correctly determined the motion for an order of satisfaction of judgment had not been properly presented. Accordingly, we must reject John's contention that the trial court "erred by denying his request for court order of satisfaction of judgment under CCP §724.010 to CCP §724.050."

Finally, John argues the trial court erred by impliedly determining that he was not entitled to be heard on his motion to strike the $5,994.60 of accrued interest stated in Maria's memorandum of costs. This argument appears to be based on John's contention that the judgment had been satisfied and, therefore, no interest accrued. We conclude this issue is moot. Based on our determination that John's motion to tax the $60 filing fee— the only costs claimed in the memorandum of costs—should have been granted, we remand with directions for the trial court to strike the memorandum of costs. Because the memorandum of costs is being stricken on other grounds and the question of whether the judgment has been satisfied in whole or in part cannot be resolved in this appeal, we cannot determine whether the accrued interest stated in the memorandum of costs had, in fact, accrued and was accurately calculated. As described earlier, we cannot determine whether the judgment was satisfied in whole or in part because the record does not show John complied with the exclusive method for obtaining an order for entry of satisfaction of judgment. Consequently, the appellate record does not contain a sufficient basis for this court to determine what interest, if any, accrued on the judgment obtained by Maria. As a result, our resolution of this appeal should not be interpreted as (1) a determination that no interest accrued on the award of attorney fees and costs or (2) a determination that the amount of accrued interest stated in the memorandum of costs is accurate.

## DISPOSITION

The order denying the motion to tax costs is reversed. On remand, the trial court shall promptly issue an order vacating its denial of the motion and shall enter an order (1)

13.

granting the motion and (2) striking the memorandum of costs after judgment filed on February 5, 2018.

Costs on appeal are not awarded because respondent made no appearance.